Martin, J.
delivered the opinion of the court. The plaintiffs claim $600, and state, that the defendant became surety on an appeal bond, for a debtor of theirs. That the judgment, which was for $500, was affirmed with damages; and, although execution has issued against the principal, and is returned unsatisfied, the defendant refuses to pay, wherefore they demand the aforesaid debt and costs.
The defendant pleads the general issue; that the action cannot be maintained in the form in which it is instituted; that the petition *319 demands no specific sum, and mentions not the necessary circumstances of time and place. He craved oyer of the bond, and that a copy might be served in lieu.
The plaintiffs annexed a copy of the appeal bond to the replication.
The district court was of opinion, that “ the plaintiffs could not maintain their action, under the circumstances of the case, because, they have elected to sue out execution against the defendant, who was surety on the appeal bond, before this action was brought; and by the return on the execution, it appears, that property was seized, sufficient to satisfy the judgment, the sale of which was stayed, by order of court; the property being still in the custody of the sheriff, and liable to be sold, as soon as the order should be discharged. No suit ought to be instituted against the surety, until the said order be disposed of; otherwise two executions of different amounts, but growing out of the same original transaction, might be going on at the same time. This is not like the case of a joint obligation; the present defendant was not a party to the former judgment. The demand against him is not for the same amount, nor is the cause *320 of action the same.” Whereupon the suit was dismissed, and the plaintiffs appealed.
The statement of facts shews, that the plaintiffs introduced in evidence the fi.fa. and the sheriff’s return, and the record of the original suit. The execution of the appeal bond, and the signature of the present defendant thereto, were admitted. The costs of the original suit were stated to be $55 37½. It was admitted, that a copy of the appeal bond was offered to the defendant’s counsel, who refused to receive it, and said it ought to be served on his client.
When the cause was called for trial, the defendant objected to its being tried, as a copy of the appeal bond had not been served on, nor oyer given him. The court overruled the objection; inasmuch, as the bond was on file in the records of the court, the defendant was not entitled to a copy from the plaintiff, but might see it in the office. Whereupon he took a bill of exceptions.
At the trial, the plaintiffs offered the sheriff as a witness, to prove that he had instructed him to deliver up the negro woman seized at their instance, as they did not mean to con *321 test the claim to her, but the court refused to hear him, holding his testimony irrelevant, whereupon they took their bill of exceptions.
The plaintiffs further offered the record of the suit, of A. Dussuau vs. Auguste Chavanne, her husband, and the testimony of the clerk, to shew that they had been made joint defendants, in the original suit against Ph. Auguste and Albin Dussuau, and that no defence had been made, or answer made by the present plaintiffs in the suit of A. Dussuau, wife of Auguste Chavanne, against her husband. On the refusal of the court to admit this evidence, they took another bill of exceptions.
It appears to us that the district court erred. Nothing in the pleadings shews that any execution had been levied on the property of the original debtor. Admitting that this appear, it cannot avail the present defendant, who bound himself jointly and severally with his principal. The plaintiffs can then exercise all their rights, against all their debtors, till the money be actually made. They may then obtain judgments, sue out executions, and levy them on the respective estates of their *322 several debtors, and cumulate their remedies. Nothing can arrest their payment but the actual making of the money. The district court, therefore, erred, in concluding that the mere levy of an execution, on the property of one of the co-debtors, skreens that of the others from being levied upon.
The plaintiffs demand six hundred dollars, due them by the defendant, as surety for their debtors, on an appeal from a judgment for five hundred. The debtors are named, and the defendant is sufficiently informed, that he is sued on the appeal bond of his principals. The record of the suit is referred to; it is stated to have originated in the court of the first district, and to have terminated in this. It is true, no time was stated; but, it was not alleged that there was more than one suit by the plaintiffs, against the original defendants, in which the present defendant was surety on the appeal. From this the latter had an opportunity, which he availed himself, to have the matter put beyond the possibility of a mistake. Further, as the defendant admits that he subscribed the appeal bond, he asks with very ill grace, that the plaintiffs be compelled to institute another suit, in which he could *323 not have the benefit of any thing, of which he could not avail himself in the present.
Admitting, however, that, in strict propriety, the present petition is, in this respect, imperfect, the imperfection is one of those, which ought not to prevent us from proceeding to judgment, as the rights of the cause and matter in law, appear to require. 1 Martin’s Digest, 444, n. 9, Sinnet vs. Mulhollan, 3 Martin, 398.
As the appeal bond is spread on the record, and comes up with it, we think that the demand of oyer was thereby sufficiently complied with, when the defendant’s counsel refused to receive the copy.
By this copy, it appears clearly that the sum of six hundred dollars demanded, is the penalty of the bond, and that the suit is instituted on that instrument.
The imperfection of the petition, as to the want of a specified time, is cured by the spreading of the bond on the record, shewing the particular time on which the judgment was rendered against the original debtor, and the present defendant became their surety on the appeal.
Hoffman for the plaintiffs, Carleton for the defendant.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment in favour of the plaintiffs, for the sum of six hundred dollars, the penalty of the bond, which appears to be under the amount of the original judgment, with the costs of the appeal, damages and interest, and that the defendant, and appellee pay costs in both courts.