18 439
40a 236
18 439
77a 606

ALMERON S. COLE, Plaintiff in Error, *v.* PIERRE CHOTEAU *et al.*, Defendants in Error.

ERROR TO PEORIA.

Upon affidavits for continuance the question is as to diligence, each case depends upon the particular circumstances shown, and if they bring the applicant within the rule, it would be error to refuse the continuance.

A party does not show diligence, if he relies upon making his proof by the deposition of a witness, who, upon examination, disappoints him; it is his duty to inform himself as to the knowledge of the witness, and if he does not possess the requisite information, he should procure the attendance of others, or the testimony he requires, by other depositions.

A party cannot have the depositions taken by his opponent suppressed, for want of full answers by the witnesses to his interrogatories.

A party need not give, in his notice to sue out a *dedimus*, the name of the commissioner.

The indorsement of the names of the parties, is directed by the statute on the return of depositions; but an omission to do so, unless injury arises from the neglect, will not be fatal.

THIS was an action of assumpsit for goods sold, work and labor, and on an account stated. Plea the general issue. The summons was returnable in February, 1855, and the plea was filed at the March term following. At November term, 1855, the defendant applied to have the cause continued upon his

affidavit, which stated, in substance, that prior to the last term of the court he caused the deposition of Nathan Cole, of St. Louis, Missouri, to be taken and filed. That the main object of the deposition was to prove an agreement between plaintiffs and defendant at the time of the purchase of the iron, for the price of which the suit was brought; that plaintiffs would manufacture and deliver said iron within a fixed period of time, which they had failed to do, whereby defendant had suffered great damage. That said witness had informed defendant that he (witness) had misapprehended the interrogatories propounded to him, and that his answer did not disclose the whole truth, and that if examined again he would state more fully the said agreement between the parties as to the time of the delivery of the iron, etc. That he informed his counsel of this fact on the first day of the term at which this application was made. The deposition of said Nathan Cole had been taken in St. Louis, on the 15th day of May preceding, and had been on file in said court for a long time preceding this motion for a continuance.

The case was submitted to the court, PETERS, Judge, who found for the plaintiffs below and gave judgment accordingly.

There was a motion, by the defendants, to reject the depositions of certain witnesses examined on the part of the plaintiffs below, for the following reasons:

There was no legal or sufficient notice given of the intention to issue *dedimus*.

There is no commissioner, or officer, named in notice before whom the depositions were to be taken.

It does not appear that the witnesses were sworn, before testifying.

It does not appear that the witnesses were "non-resident," at the time of testifying or notice.

The names of "parties litigant" were *not* "indorsed" on the depositions when sealed up and directed to the clerk of this court.

The third interrogatory is leading, and the answers of both witnesses to the same, and, therefore, objected to and moved to be suppressed.

The second interrogatory and answers of both witnesses thereto, are too general and indefinite.

The answers of both witnesses to fourth interrogatory are too general, indefinite and evasive, showing a manifest bias in favor of plaintiffs, and yet not responsive to the question.

Said depositions are otherwise informal, loose, indefinite, vague and altogether unsatisfactory.

Said witnesses have wholly failed to answer a material part of the fourth interrogatory propounded to them respectively.

That a material part of the fourth interrogatory in said depositions is wholly unanswered, or evasively answered, by said witnesses respectively.

The fourth interrogatory was as follows: "What arrangement or understanding, if any, was there about the delivery or shipment of said goods? Where and when were they to be delivered or shipped? And were they or not so shipped or delivered? State fully and particularly all you know on the subject, your situation at the time, and means of knowledge in the premises?" To which Clark answered as follows:

"[The understanding was that the goods were to be delivered on board of a steamboat bound for Peoria, as fast as they could be manufactured, there being but a small portion of them on hand at the time of the purchase.] I know of no specific time in which they were to be delivered other than I have stated above. The goods were shipped as fast as they were manufactured on steamboat bound for Peoria; do not recollect the names of any of the steamboats, except one, which was the Excel. Was acting as clerk for the plaintiffs at that time, and from my situation as such, had cognizance of the transaction between plaintiffs and defendant."

The circuit court struck from this answer so much of it as is included in brackets.

The answer of Ferdinand Hahn was as follows: "[The goods were to be delivered on a steamboat at the port of St. Louis, bound for Peoria, as fast as they were manufactured.] And the goods were shipped at the time specified in bill [according to the understanding.] I was at that time clerk in the house of Choteau, Harrison & Vallé, plaintiffs, and in my capacity, as such, I sold and delivered and shipped the said goods to the defendant."

What is included in brackets of this answer, was stricken out by the court.

W. F. Bryan, for Appellant.

Cooper and Reynolds, for Appellees.

Scates, C. J. The question raised upon the affidavit for a continuance is one of diligence. The general rule requires a party to use, and show due diligence in his preparation for trial. But each case depends upon the particular circumstances shown. If they bring the party within the rule, it would be error, under the provisions of the statute, to refuse a continuance.

Here the plaintiff had cross-examined the witness on the very point—to the very fact set up in defense—and upon the

alleged reason, that witness knew the contract, being present, and hearing it made. He, therefore, had reason to believe witness knew the facts. Under these circumstances, he should have made inquiries of witness, to refresh his recollection at an earlier period, and not leave this preparation to the casualty of an accidental meeting with witness, as he has done.

It appears from Cole's testimony that the contract was made with Charles P. Choteau. Having failed to prove the contract, as plaintiff alleged it to be, by the witnesses examined, no reason is shown why the testimony of C. P. Choteau was not taken, and the contract proved by him. It is not alleged that he had forgotten its terms, or that he was incompetent, unreliable or unwilling to depose to it as it was.

While a party may not be required to summon all the witnesses cognizant of a fact, yet when he ascertains that it is unknown to, or forgotten by those to whom he applies to give testimony, the rule of diligence will require that he apply to, and summon others whom he may believe to possess the same knowledge.

No reason is shown for pretermitting any diligence to take Choteau's testimony, and relying upon refreshing Cole's memory, at a period too late to retake his testimony. Did plaintiff forget that he contracted with defendants through Choteau? The circumstances fall short of legal diligence.

The objections urged to the depositions, are not sufficient to authorize the entire rejection of the depositions. After correcting the depositions by striking out the irrelevant or incompetent portions, it does not appear that witnesses knew or could have made any further or fuller answer to the fourth interrogatory. For anything appearing they only knew the fact as one of common understanding, and not as an agreement between the parties.

I am not prepared to hold that a party may have the depositions of the opposite party suppressed for want of full answers of witnesses to his adversary's interrogations. The objection should rather come from the party injured.

The other objections are of a technical character, and fall within the principles and are disposed of by the cases of *Hawks* v. *Lands*, 3 Gilm. R. 232; *Hays* v. *Borders*, 1 ibid. 64; *County of Greene* v. *Bledsoe*, 12 Ill. R. 272. The court have not adopted so technical a construction as seems to have been intended in Maine. *Erskine* v. *Boyd*, 35 Maine R. 511.

The statute here does not authorize the party to appoint the commissioner, consequently he could not give his name in the notice to sue out the *dedimus*. It is not required by the statute, for the clerk might appoint some other, than the one so nominated in a notice.

The indorsement of the names of parties litigant is directory, when injury may arise from an omission, the court would, doubtless, correct the error in the particular case, by suppressing the deposition. No injury or surprise is shown here.

Judgment is affirmed.

*Judgment affirmed.*