ROBERT CASS, Appellant, *v.* JOSEPH B. PERKINS, Appellee.

APPEAL FROM SANGAMON.

After a default in payment of money secured by a chattel mortgage, the mortgagee must take possession of the property within a reasonable time.

What is a reasonable time depends upon the circumstances of the particular case, but the mortgagee is required to make no unnecessary delay in the assertion of his rights.

THIS was an action of replevin for some horses, etc., commenced by appellant against appellee, in the Circuit Court of Sangamon county, at the August term, 1859. The facts of the case are as follows:

One Rodham loaned one Ford $600, and subsequently said Rodham assigned the note and mortgage, which he took from said Ford to secure said loan, to the appellant, Cass. Cass then became the legal holder of the note and mortgage, and as such legal owner and holder, he commenced this replevin suit in the

circuit aforesaid. This promissory note bears date the ninth day of March, and is payable on or before the first day of July, 1859. The mortgage aforesaid was given to secure the note, and the said mortgage promises, that upon default of payment, said Rodham or his assignees may take possession of said goods.

Cass, on the fourth day of July, 1859, went and took possession of the horses, etc., in controversy—the third day of July being Sunday.

The appellee, by virtue of an execution, placed in his hands, dated the twenty-fifth day of June, 1859, seized said horses, etc., on the 6th day of July, 1859.

The appellant demanded the horses; the sheriff, Perkins, the appellee, refused to give them up, and therefore this suit of replevin, which was tried by RICE, Judge, without the intervention of a jury.

LINCOLN & HERNDON, for Appellant.

M. HAY, for Appellee.

WALKER, J. The mortgage under which plaintiff claims the property in controversy, became absolute by its terms, on the first day of July, 1859, by the maturity of the notes, to secure which it was executed. The mortgagee made no effort to reduce the property into his possession, until the fourth of the same month. The execution against the mortgagor, was placed in the hands of the sheriff, as appears by his return, on the twenty-fifth day of June previous to the maturity of the mortgage. This, then, presents the question, whether the execution, as against the mortgagee, became a prior lien upon this property, so as to render it liable to sale, in satisfaction of the judgment, upon which it was issued. This court has in numerous cases, uniformly held, that the possession of personal property must accompany the ownership as specified in the deed or contract, unless under the statute there is an express provision that it shall remain with the mortgagor, for the period limited, and the other requirements of the statute have been complied with, otherwise the possession will be fraudulent and void as to creditors and purchasers. And that when the mortgage contains such a provision, that it will in like manner be fraudulent, unless the mortgagee shall reduce it to possession, immediately and without delay, upon its maturity.

In the case of *Reed* v. *Eames*, 19 Ill. R. 594, it is said that where the parties reside in the same county, one day would not be an unreasonable time within which to reduce the property into possession, after its maturity. In that case it was not in-

tended to assert that such a time' *only* would, in all cases, be reasonable. The word "would" should read "might," as is apparent from the after part of that, and the succeeding sentence. It is there said that the party or his agent should be at hand to reduce it to possession. The court further say that, "In general, what would be a reasonable time, would be determined by the situation of the parties, their vicinity and facilities of intercourse. No general rule can be laid down for such a case." It was not designed to fix any time, as a rule, in which it would be reasonable or unreasonable, to delay reducing property to possession. Under some circumstances one day might be reasonable, whilst under others it might be unreasonable. No general rule can be established, but the mortgagee must act with promptness, and must use every reasonable effort to reduce the property into his immediate possession after a default of payment, or other condition broken, by which he becomes entitled to possession. Upon a default in payment, the title vests absolutely in the mortgagee, and to permit it afterwards to remain in the custody of the mortgagor, is equally a fraud upon creditors and purchasers, as if it had remained in his possession, contrary to the terms of the mortgage. If the possession is retained after default, the ownership is in the mortgagee while the possession is in the mortgagor, which is against the policy of the law. It would thereby enable the mortgagor, as the apparent owner of the property, to acquire credit by means of its possession, sell it to innocent purchasers, and perpetrate the very frauds which the law designed to prevent.

In this case the parties resided in the same county, within a few miles of each other, and three days intervened after the maturity of the notes and mortgage, before any effort was made to reduce the property into possession, and there was no evidence showing that it could not have been done on the day or even within a few hours, after its maturity. If the mortgagor or his agent had gone for the property, and had, after making all reasonable effort, been unable to obtain it, or if he had been resisted, or if any other occurrence had rendered it impossible to procure it, then a sufficient delay to have enabled him to procure legal process, or resorted to other prompt and efficient means, would not be regarded as unreasonable. In this case we have no hesitation in saying that we regard the delay as unwarranted, and that it rendered the transaction a fraud in law, and subjected the property to the prior lien of the execution, in the hands of the sheriff, and that the judgment of the court below must be affirmed.

*Judgment affirmed.*