Hyman, C. J.
Plaintiffs brought suit in December, 1860, to recover of defendant the amount of a draft drawn in their favor, and accepted by him, and they also, by writ of attachment, caused the brig Henry Leeds to be attached as his property. ,
William McLoon intervened in the suit, and claimed to be owner of the brig.
, Judgment was rendered in favor of plaintiffs for the amount claimed by them, with interest, sustaining the attachment of the brig, and decreeing that plaintiffs be paid, with privilege and preference from theproceeds of the sale thereof.
The judgment further decreed, that the intervenor recover $2,500, with interest, and that he be paid as mortgagee out of the remains of the proceeds of the brig.
The intervenor has appealed from the judgment.
. In November, 1859, the brig was mortgaged in the State of Maine by the defendant to the intervenor, to secure him against his acceptance of several drafts for the accommodation of the defendant.
The drafts were payable in three months from their date, and the intervenor paid them at their maturity.
By the laws of Maine, as proved by the testimony, brigs and other vessels are personal property, and may be mortgaged, and the consequence on the non-performance of an obligation for which a mortgage is given, is, that the property mortgaged becomes absolutely the property of the mortgagee without delivery, but liable to be redeemed within sixty days thereafter.
The obligation in the mortgage of the brig was for the defendant to hold the intervenor harmless from liability by the acceptance of the drafts, and it appears that the defendant has not complied with his obligation.
As it is not proved where the brig was when the mortgage was given, and as it is proved that she came to this State since the mortgage was contracted, the law of the place where the pontract of mortgage was - ‘ *514 made, must, govern. See the case of P. R. Fell v. J. G. Davidson—Hicks & Co., Intervenors, 17 An. 237.
The intervenor’s title to the brig being perfect and complete by the laws of the State of Maine, before she was attached, the judgment of the District Court must be reversed.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court, so far as it affects in any respect the intervenor, be annulled, avoided and reversed; it is further decreed, that the attachment on the brig Henry Leeds be dissolved. Let William McLoon be deoreed owner of the brig Hepry Leeds, and the plaintiffs pay the costs of the intervention, in both courts.
■ Petition for Rehearing, by Semmes <S¡ Mott for plaintiffs and appellees,—The amount involved in this case is comparatively trifling, but the principles involved are of vast importance, and this consideration induces us. to respectfully solicit the Court to revise the judgment it has rendered. ..We do so the more readily, as the decisions of the Supreme Court of Louisiana have ever been regarded and quoted as high authority, on questions involving a conflict of laws, and for that reason every decision on such questions should be well considered, regardless of the amount in controversy.
We consider the decision in this case erroneous, on two grounds:
1st. A correct principle of law has been applied, without regard, in our opinion’, to the proper limitation of the principle.
2d. The Court has overlooked, as we respectfully suggest, an important point stated in the original brief, but not elaborated.
The Court uses the following language: “As it is not proved where the brig was when the mortgage was given, and as it is proved that she came’ to this State since the mortgage was contracted, the law of the place where the contract was made must govern. ”
We submit, with all due respect, that the lex loei contractus, in cases of mortgage, or any agreement creating liens, privileges or hypothecations, does not govern, so far as the,mortgage, lien, hypothecation or privilege is concerned, unless the thing affected by such mortgage, lien, hypothecation or privilege, is at the time of contract within the territorial jurisdiction of the oountry where the contract was made. In other words, the contract of mortgage must be made, and the thing mortgaged must be, at the time of contract, within the same territorial jurisdiction. The only exception to this rule, that we know of, is where the property affected by the contract is afloat at sea at the time of contract; that is to say, beyond the jurisdiction of any other sovereign, in which event the lex loci contractus governs, as was properly decided in 17 An. 237, the case referred to by the Court.
The general rule, as to movables is, that the lex loci contractus governs, unless the movable at the time of contract is within the jurisdiction of another sovereign, whose laws are different from those of the place of contract. This principle was settled in the cases of Olivier v. Townes, 2 N. S. 93; 5 Martin, 23. 77, 78. 7 Martin, 318-and 353, and is approved-by Story on Conflict of Laws, p. 384 and 391, 392.
*515 The vessel in this case, having been attached, it was the duty of the intervenor to prove all the facts necessary to ■ the establishment of his adverse claim. He is plaintiff. Conceding the principle announced by the Court correct, coupled with the limitation we have suggested, the intervenor should have proved that the vessel at the date of the mortgage was within the jurisdiction of Maine or at sea This he failed to do. He has proved what the laws of Maine are, but those laws do not govern*unless the vessel at the time of the mortgage yas in Maine or at sea. Suppose at the time of this mortgage, she had been in Louisiana, and had remained there until the lapse of time required to convert the mortgage into an absolute transfer under the laws of Maine; it is clear, any. creditor of the mortgagor could have seized the vessel under attachment against the mortgagor, and could have successfullymaintained his seizure. Suppose, at the date of the mortgage, the vessel was in Baltimore, Philadelphia or New York; there being no proof of the laws governing mortgages in those States, the Court would presume they are similar to our own. A Baltimore, Philadelphia, or New York creditor could • have seized. If such creditor could have seized, why could not a Louisiana creditor do so, after she came here from Baltimore, New York, or Philadelphia; or why could not the Baltimore, New York or Philadelf phia creditor follow and attach here ? It.seems to us, therefore, that the, Court cannot adhere to its decision, unless it considers the burden-, of proof on us, to show that the vessel at the date of the mortgage was not in the State of Maine, a proposition we deem untenable, as the intervenor is plaintiff, so far as we are concerned, and must prove his case afflrma- ■ tively as well as all the facts necessary to a recovery.
2d. The Court has overlooked a point suggested in the original, brief. It is this:
Admit that the laws of Maine govern; that by those laws the title of the mortgagee and intervenor became absolute after the expiration of the. time limited in the mortgage; certainly, the mortgagee then stands in the relation of absolute vendee to the mortgagor, who becomes vendor. Now then, here is an absolute sale of personal property, not proved, to be at sea at the time of sale, where the vendee allows the vendor to remain in. possession for a year or more, without any effort to obtain possession.
Such possession by vendor in some States is conclusive evidence of. fraud, and in all is presumptive evidence until rebutted. The laws of Maine, on this point, have not been proved. It is presumed, therefore, they are similar to ours. This argument takes for granted the doctrine answered by the Court, that the mortgage by operation of the laws of Maine, and by the expiration of the time limited in the mortgage, became an absolute sale. But what are the laws of Maine, in case of an absolute sale of a movable not accompanied by delivery ? In point of fact we believe they are similar to our own; at all events there being no proof on that subject, the Court, on well-established principles, will assume them to be similar to our own. Now, in the case in 16 An. 284, Central Bank v. McCloskey, it was held, that mere consent vests the property in the obligee, yet this effect is strictly confined to the parties until actual delivery. The truth is, that is the law as to movables under every system of jurisprudence.
*516 The Court recognized the validity of the mortgage under the laws of Maine, on the principle of lex loci; under our laws such an instrument would be a nullity, as between the parties even. We now say, concede the decision on that point to be correct, yet the validity of the transfer, as to third persons before delivery, cannot be maintained, because there is no proof that the laws of Maine are different from our own, and in fact they are not. At the Common Law, a sale of a ship at sea even, is not valid as to third persons, if the vendee unreasonably delays to take possession after arrival. 8 Mass. 286. 9 Pick. 4. 2 Mat. 350.
In this case the vendee (for the mortgagee by the laws of Maine became vendee after the expiration of the time limited in the mortgage) permits the vendor to remain in possession more than a year after his title became absolute, and enables him to roam from port to port in the United States, and contract debts as owner. Under the laws of the civilized world, such conduct is fraudulent as to third persons.
Rehearing refused.