# JAMES E. MUMFORD

*v.*

# TIMOTHY CANTY.

1. CONFLICT OF LAWS—*by what law a contract will be governed.* As a general rule, the validity of a contract is to be governed by the law of the place where it is made, so that contracts made in other States will be enforced in this State, although not conforming to our laws, if they are in accordance with the laws of the State where they were executed, and do not contravene the positive laws, institutions or policy, which prohibit such contracts in this State.

2. It is not opposed to the policy of this State to enforce contracts made in another State, where they are not based upon an immoral or criminal consideration.

3. So, where personal property was mortgaged in the State of Missouri, and permitted to remain with the mortgagor after the maturity of the debt to secure which the mortgage was given, and upon being subsequently brought into this State was seized under an attachment in favor of a *bona fide* creditor of the mortgagor, the rights of the mortgagee as against such creditor will be determined by the law of Missouri ; and as by the law of Missouri the possession of the property by the mortgagor after the maturity of the debt is not *per se* fraudulent as to the creditor, but may be shown to be *bona fide* , that rule will govern the rights of the mortgagee on his claiming the property, notwithstanding, under our law, such possession in the mortgagor would be fraudulent *per se* as to creditors.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WILLIAM H. UNDERWOOD and Mr. L. H. HITE, for the appellant.

Mr. GEORGE W. DAVIS and Mr. G. KŒRNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by appellant, in the City Court of East St. Louis, on the 24th day of March, 1868, against appellee, to recover two mules, a two-horse wagon, and a set of double harness. After a trial in that court, the cause was removed to the Circuit Court of St. Clair county by appeal, and tried at the October term, 1868, and resulted in a judgment in favor of appellee, from which this appeal is prosecuted.

The bill of exceptions shows that it was tried upon the following agreed state of facts and evidence :

" That John A. Knight was, on the 1st day of May, 1867, and continued to be until this suit, a resident and citizen of St. Louis, Missouri ; that he duly executed the deed offered in evidence, to secure a *bona fide* debt, which was unpaid at the commencement of this suit; that said Knight became indebted to George Pointen, a resident of St. Clair county, Illinois, for coal, and Pointen sued out of the City Court of East St. Louis, (a court having full jurisdiction of the case,) an attachment against the goods of said Knight, directed to said Canty, who levied on the same, and took from the possession of Knight, said property; the same being at the time in East St. Louis.

" That said Knight kept said property in St. Louis, Missouri, and at the time of the attachment it was used temporarily to haul coal from the city of East St. Louis, Illinois, and that Pointen gave Knight credit on account of his supposed ownership of this property.

" It is also stipulated that Canty was, at the time of the seizure, and ever since, marshal of the city of East St. Louis, and the property attached is part of the property mortgaged ; that Knight, the mortgagor, was in possession of the mortgaged property until said attachment, and that said mortgage was made, acknowledged and recorded, according to the laws of the State of Missouri ; and that both parties may refer to the statutes of Missouri on the hearing of this case, as was done in the court below, where all the above facts were admitted."

The deed referred to, is a deed of trust, made by Knight to Mumford, the plaintiff, for the benefit of Huse, Loomis & Co., all residents of the city and county of St. Louis, and State of Missouri. It is dated May 1st, 1867 ; is given to secure said firm in a note of that date, for the payment of $2,908.88, and six months after date, with interest at ten per cent. per annum, made by said Knight to said firm. Among other property described in the deed, is one span of mules, and one two-horse wagon, &c. The property is conveyed in trust to Mumford,

to be released upon payment of notes when due; and upon failure to do so, said trustee to sell said property in St. Louis, at public sale, for cash, &c., after notice, &c.; proceeds to be applied to payment of costs and expenses of the trust, and payment of said note, and balance to Knight or to his heirs or assigns. The deed was acknowledged on the 13th day of May, 1867, before a notary public, and filed for record in the proper office in St. Louis county, on the day following.

The chattel mortgage law of Missouri is the same as the first section of our statute. Sec. 8, Revised Laws 1845, page 527, is this:

" No mortgage or deed of trust of personal property hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged property shall be delivered to and retained by the mortgagee or trustee, or *cestui que trust;* or unless the mortgage or deed of trust be acknowledged or proven, and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of land are by law directed to be acknowledged or proven and recorded."

There is, however, this difference in the two statutes, that while there is but slight difference in the phraseology between the 1st section of our statute and the 8th section of the Missouri law, the 3d section of our act declares that possession of the mortgaged property may remain with the mortgagor, if it is so provided in the conveyance. Under the Missouri statute, the courts of that State have held, where possession remains with the mortgagor, that it is not fraudulent *per se*, as against creditors, but that it might be shown to be *bona fide*. *Shepherd* v. *Trigg*, 7 Mo. 151. And in the case of *Bevans* v. *Bolton*, 31 Mo. 437, it was held that the removal of the mortgagor with the property to another county in the State from that in which the mortgage was executed, does not subject such property to levy and sale on execution against the mortgagor, or affect the

title of the mortgagee. That court holds that after the maturity of the debt, the mortgagee has the legal title, and may sue for and recover it as his own. *Robinson* v. *Campbell*, 8 Mo. 365. This court holds the same rule. But that court holds that possession by the mortgagor, for a length of time, after the maturity of the debt, may be shown to have been fair, as against creditors and purchasers, and the mortgagor may hold the property. *Shepherd* v. *Trigg, supra.*

The 7th section of our chattel mortgage law extends the operation of that statute to deeds of trust, and such other conveyances of personal property as have the effect of a mortgage, or as create a lien. This court, as early as in the second volume of our reports, in the case of *Davenport* v. *Thornton*, 1 Scam. 296, following the common law rule, as announced in Twyne's case, 3 Coke R. 80 b, held, that in all conveyances of personal property, permitting it to remain with the vendor is fraudulent *per se*, and void as to creditors and purchasers, unless such possession be consistent with the deed. And since the adoption of our statute, the same rule has been fully recognized and applied in numerous other cases, in which it has been held to be equally fraudulent, as to creditors and purchasers, to permit the property to remain with the mortgagor after the maturity of the debt, although there may have been a provision in the mortgage permitting him to retain it until the debt matured. *Frink* v. *Statts*, 24 Ill. 632; *Reed* v. *Evans*, 19 Ill. 594; *Cass* v. *Perkins*, 23 Ill. 382; and other cases might be cited.

It will be seen from these cases, that the construction given to our statute is different from that given to the Missouri act; and it may have been for the plain reason that where our statute provided that the parties might declare in the mortgage that the property should remain with the mortgagor, the legislature intended to leave the common law rule, as announced in Twyne's case, in full force, except where the parties expressly agreed, in the conveyance itself, when duly recorded, that the possession should not accompany the lien.

No other construction could reasonably have been given to our act than that which our court has adopted. The question, then, arises, as to which rule shall be adopted when property has been mortgaged in Missouri, and their statute has been fully complied with, by acknowledgment and recording of the deed, and such chattels remain in the possession of the mortgagor after the maturity of the debt, and the property is afterwards brought into this State, and a *bona fide* creditor seizes it under execution or attachment, and it is claimed by the mortgagee.

As a general rule, the validity of a contract is to be governed by the law of the place where it is made; and the law of the place where the contract was made is admitted to enable the courts to enforce the contract as it was intended by the parties entering into it. But such foreign laws will not be permitted to contravene the positive laws, institutions or policy, which prohibit such a contract. Story's Conflict, sec. 327.

But it is not opposed to the policy of this State to enforce contracts made in Missouri, according to the laws of that State, when they are not based upon an immoral or criminal consideration. It has been held by this court, that a contract entered into in another State, and in conformity to their laws, may be enforced, and the rate of interest collected under the contract, according to the laws of that State, although it may be larger than the rate allowed by our laws. *McAllister* v. *Smith*, 17 Ill. 328. In this question of interest, each State adopts that rate which it regards for the best interest of its citizens; and this is purely a question of policy, and that policy will not prevent the enforcement of a contract lawfully made in another State, although it contravenes our policy, or notwithstanding it might be injurious to our citizens. This rule is, however, never adopted, when it would contravene our criminal laws, or would sanction vice and immorality, or is against a positive prohibition of law. It is such policy that prohibits the enforcement of laws of other States in our courts. This court has held, in several cases, that contracts made in

other States will be enforced, although not conforming to our laws, if they are in accordance with the laws of the State where they were executed. *Smith* v. *Whitaker*, 23 Ill. 367; *Phinney* v. *Baldwin*, 16 Ill. 108.

In the case of *Blystone* v. *Budgett*, 10 Ind. 28, it was held that a chattel mortgage made in Illinois, in good faith, and not recorded, was not valid, as against a purchaser from the mortgagor, who, after executing the mortgage, removed to Indiana, although, the court say, had it been recorded they would have found no difficulty in sustaining it; and as to personal property, they were inclined to give a mortgage the same effect as it had in the State in which it was executed; and in the case of *Kanago* v. *Taylor*, 7 Ohio St. R. 134, the same rule is announced. In the case of *Smith* v. *Hutchings*, 30 Mo. 383, it was held, that a mortgage made in, and valid by the laws of, Kentucky, although invalid if made in Missouri, would be enforced in the courts of the latter State. The cases of *Booker* v. *Stacy*, 25 Miss. 471, *Holt* v. *Renwick*, 11 N. H. 285, and *Langworthy* v. *Littell*, 12 Cush. 111, are to the same effect.

These authorities seem to be in point, and announce rules which, if recognized, must govern this case. We have been referred to no adjudged case that announces a different rule.

If this were not so, a person purchasing property in Missouri, from a mortgagee, where the debt was past due, and having a valid title, by coming to this State with the property, would be liable to lose it in an action of replevin by a purchaser from the mortgagor. In that State the sale by the mortgagor would be void, but valid and binding in this State, while such a sale by the mortgagee would be valid in that, but void in this State. We are, for these reasons, of the opinion that the case must be governed by the law of comity.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*