### RICHARD DOWNING

*v.*

### ERNEST PLATE.

1. TENDER—*when less than sum due may avail.* Where a vendor of land obtains possession of his contract of sale, upon which payments made to him have been indorsed, and wrongfully destroys the same, a tender to him by the purchaser of a less sum than is found to be due on the contract, before suit, with an offer in the bill to pay whatever may be found to be due, will be sufficient to maintain a bill for specific performance. It is sufficient in such case for the purchaser to tender or offer to pay, before suit, what he believes to be due, and he will not be turned out of court if he proves to have been mistaken as to the amount due.

2. COSTS—*on bill for specific performance.* Where a complainant, seeking the specific performance of a contract to convey land, tenders a less sum than is found to be due, if the defendant should by his answer offer to convey on payment of the sum as found by the court, which the complainant refuses to do, claiming the proper amount to be less, the court would not subject the defendant to the costs of the litigation; but if the defendant claims a much larger sum than is due him, and denies the complainant's right to any relief, and has destroyed the evidence of payments so that the complainant can not know the precise amount due, and tenders a less sum, the court, on granting the relief sought, may require the defendant to pay the costs.

3. EVIDENCE—*presumption from destruction of evidence.* Where a party destroys the evidence of payments made to him upon a purchase of land, wrongfully, if not fraudulently, every presumption as to the subject matter will prevail against him; and if he offers to convey, upon the payment of a given sum, at the time of such destruction, the court will be fully warranted in finding that no more than such sum was due after deducting the payments.

4. SAME—*weight of testimony of party destroying written evidences.* Where a vendor of land wrongfully destroys the vendee's contract of purchase, upon which are indorsed his receipts of various payments, the testimony of the vendor as to the amounts of such credits can not be allowed to control the evidence of the opposite party. The unsupported testimony of a party, as to the contents of a writing which he had wrongfully destroyed, it being the only written evidence which had been in existence, will not be allowed to prevail against the testimony of any other witness.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

On the 5th of November, 1870, Richard Downing, the appellant, being the owner of certain lands mentioned in the bill, contracted to sell the same to Ernest Plate, for the sum of $6280, to be paid in installments from time to time, the last of which was to be paid at the end of six years from that date. On these installments interest was to be paid, before due, at the rate, from date until due, of 6 per cent per annum, and after due, at the rate of 10 per cent.

As security for the payment of the purchase money, Plate conveyed to Downing, by warranty deed, 80 acres of land which he then owned. Downing then gave Plate a contract for the sale, embracing the land intended to be sold, and also this 80 acre tract of land (which was conveyed by Plate to Downing.) It was stated in this contract that $6280 was the price of both tracts of land — and on the payment of the price, Downing agreed to convey both tracts to Plate. Between that time and the month of January, 1876, Plate made payments to Downing from time to time, part of which were indorsed upon the contract.

By the terms of the contract Plate was entitled to take possession, and enjoy the use of the property from the date of the purchase. It seems that Plate, the appellee, was a German, who was ignorant of the English language, unable to read or write that language, and that his wife attended for him to the matter of having the respective payments indorsed upon the contract. In January, 1876, the parties met in the office of a justice of the peace, Mr. Schirding, for the purpose of having new papers made, in the place of the original contract. Plate claims that the understanding was, that Downing should, at that time, convey to him all the lands mentioned in the contract, and receive from him a mortgage upon the premises to secure the unpaid balance of the purchase money and interest thereon at the rate of 8 per cent per annum. Downing claims that there was no agreement to make a deed and take a mortgage, but that the understanding was that the unpaid balance was to run at the rate of 8 per cent per annum,

and that to avoid taxation this interest was to be taken in the form of rent, and to that end Plate was to accept a lease of the property until November, 1876, and give his note for the rent, in a sum equal to 8 per cent upon the unpaid balance of the purchase money.

At the meeting at the office of the justice of the peace, in point of fact, the lease of the premises was drawn, signed by Downing, and placed in the hands of Plate, until the 5th of November, 1876, and a note was signed by Plate, payable to Downing on the 1st of November, 1876, for $591.60. While this business was being done at the office of the justice of the peace, Downing got possession of the original contract of sale, with the indorsements thereon, and thrust the same into the stove and burned it.

This bill was filed November 6, 1876, in which Plate claims that the balance of the purchase money remaining unpaid at that time amounted to $1500, and charges that he tendered that amount to Downing, on that day, and demanded a deed. He also asks in his bill an account, and offers to pay whatever should be found unpaid of the purchase money.

The case was heard at the June term, 1877, and a final decree entered, finding the balance of the purchase money (principal and interest) due by Plate to Downing to be $3300, and ordering that the complainant pay into court, for the use of Downing, that sum, and that Downing, upon the payment of the money, execute and deliver to the complainant a deed, conveying the land in question to him, and that Downing should pay the costs. From this decree Downing appeals to this court.

Mr. R. S. WILLIAMSON, and Mr. F. SACKETT, for the appellant.

Messrs. FORRESTER & BEEM, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The first objection made to this decree is, that the tender made before the filing of the bill was of only $1500, and the court found the amount due to be $3300, and it is insisted that for this reason complainant is not entitled to the relief granted.

It is undoubtedly true, that where the balance of the purchase money can be ascertained, the complainant is not entitled to a conveyance without an offer, on his part, of the purchase money; and it is true that in such case the offer should be made before the bill is filed, but in this case the evidence of the payments which were indorsed upon the back of the original contract was destroyed by the wrongful act of the defendant himself, in burning the contract, with the indorsements thereon. Where the court is satisfied that the party complainant, under such circumstances, has tendered or offered what he believed to be the true amount, and where he offers to pay whatever amount the court may find to be due, a party is not to be turned out of court because he was unable to tender the exact amount before the bill was filed. In *Hull* v. *Peer et al.* 27 Ill. 319, this court, in a case not unlike the one at bar, in this respect, said: "In a case where the true balance is uncertain, and can only be ascertained by the adjudication of the court, upon testimony to be taken, the pleader may state the case most favorably to himself and then comply with the decree, if it is less favorable than was his claim." Had the defendant, on coming into court, come forward with an answer, saying that the amount of unpaid purchase money was $3300, and offered to make a deed upon the payment of that sum, and had the complainant refused to pay this amount, and had he persisted in his litigation, claiming the amount to be less, undoubtedly the court should not have subjected the defendant to the costs of such litigation. But in this case, the defendant in his answer claimed that there was between $8000 and $9000 still due of unpaid purchase money, and in his

answer denied the right of complainant to any relief whatever.

The second point made by counsel for appellant is, that the wife of complainant was permitted to testify in relation to matters other " than matters of business transactions where the transaction was had or conducted by her as the agent of her husband." Upon a careful examination of the testimony given by the wife in this case it is not found that any material testimony given by her did not relate to the subject matter of her agency for her husband in the transaction of this business.

It is insisted by appellant that the finding of the court, as to the amount which had been paid and indorsed upon the contract, and also the finding as to the amount of the purchase money (principal and interest) which remained due and unpaid, were both contrary to the weight of the evidence. After a careful examination of the evidence we think that the findings are fully sustained. From the proofs the circuit court was fully warranted in finding that the destruction by the defendant of the written evidence of payments contained in indorsements upon the original contract, was wrongful, if not fraudulent. In such case every reasonable presumption as to that subject matter is to prevail against the wrong-doer.

Appellant himself testifies that soon after the papers were signed at the office of the justice of the peace, and before the parties separated, Plate and his wife, learning that they had received a lease and not a deed, were much dissatisfied; that an excited discussion of the matter ensued, in which Plate and his wife insisted that they should, at least, have another contract like the one which had been burned. In that conversation, Downing testifies, Mrs. Plate asked him if he would give a deed if they would pay him $3000, and Downing swears that he then told her that he would.

Having himself destroyed the only written evidence which existed in relation to the amount of the payments which were made prior to December, 1873, the court was fully warranted

in inferring that no more than $3000 of the purchase money remained unpaid on the 29th of January, 1876, from the fact that, at that time, Downing offered to make the deed to the appellee upon the payment of that amount.

The finding of the court, as to the amount due at the time of the rendering of the decree, does not vary materially from the amount which he offered to take in January, 1876, with interest added upon that sum for the time intervening before the date of the decree. The testimony of the complainant tended to show that the amount of unpaid purchase money, principal and interest, was less than the sum found by the court. Appellant has no ground to complain of this finding.

Again, it is insisted that the court erred in refusing to permit the complainant to testify as to the amount of the payments which were made prior to December 1, 1873, being the payments which were credited upon the contract which appellant destroyed. Without determining the question as to the competency of the testimony offered, it is sufficient for the determination of this case to say that no testimony from the mouth of complainant, as to the amount of these payments, should have been allowed by the court, under the circumstances, to have controlled evidence which had already been given, showing the amounts which had been indorsed upon that contract. If he had sworn that there were no payments made and no indorsements made, or that the amount so paid and indorsed was any given amount less than the amount which was sworn to by complainant as having been made, and by his wife as being contained in the indorsements, this testimony should not have been allowed to control, for the rule on that question is, that where a party has wrongfully destroyed the only written evidence of the fact which is in existence, his unsupported evidence, as to the contents of that writing, shall not be allowed to prevail against the testimony of any other witness,—for the presumption is, that the paper, if it could be produced, would corroborate the other witness.

After a careful examination of the whole record, we find no ground to disturb the decree.

The decree is affirmed.

*Decree affirmed.*