## HORACE H. CLOUGH ET AL.

### v.

## MICHAEL KYNE ET AL.

*Attachment—Chattel Mortgages — Residence — Deposition—Suppression of.*

1. Residence at any time being shown, there is a presumption that it will continue, but none as to when it began.

2. In attachment proceedings against a mortgagor of cattle, mortgaged in another State and afterward shipped to Chicago, the mortgagees interpleading and claiming the money they were sold for, this court holds that the law of Nebraska governs the mortgages here; that the refusal of the mortgagor on cross-examination under advice of the attorney of the mortgagees, at the time of the taking of the mortgagor's deposition by them, to state whether the mortgagees gave him permission to ship the cattle, was good ground for suppressing the same, but that it did not warrant the assumption of the fact of such permission without any proof, and that the judgment against the plaintiffs can not stand.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellants.

A party who intervenes in an attachment suit and claims the property attached has the burden of proof on all points necessary to establishment of his claim.    Hollenback v. Todd, 119 Ill. 543, 547.

All the mortgages provided for the mortgaged property remaining in the possession of Kyne, the mortgagor.    Jones on Chattel Mortgages (3d Ed.), Sec. 432.

While the mortgagor remains in possession he may sell the mortgaged chattels, subject, of course, to the mortgage. The purchaser takes all the interest the mortgagor has and nothing more.    Such purchaser may again sell and deliver the property to another, and the remedy of the mortgagee is to follow the property and recover it of the last purchaser. Until demand of possession by the mortgagee, after he has

Clough v. Kyne.

become entitled thereto, the sale by the mortgagor does not amount to a conversion on his part; nor does the purchase amount to a conversion on the part of the purchaser. It will not be presumed that the sale or purchase is in hostility to the mortgage. Burnham v. Doolittle, 14 Neb. 214; Hathaway v. Brayman, 42 N. Y. 322, and cases cited; Hale v. Omaha Nat. Bk., 64 N. Y. 550, 556; S. C., 7 J. & S. (N. Y.) 207, 216; Hamill v. Gillespie, 48 N. Y. 556, 560-1; Porter v. Parmly, 2 J. & S. (N. Y.) 398, 407; 13 Abb. (N. S.) 104, 112; 43 How. Pr. 445, 453-4; Wagner v. Jones, 7 Daly, 375, 378; Gleason v. Congdon, 21 Hun, 106; Beach v. Derby, 19 Ill. 617, 622.

The fact that the mortgaged property may have been sold at its full value is not sufficient to establish that it was sold in hostility to the mortgagees' claim, nor is such fact inconsistent with the mortgagees' right to enforce their lien, although it may indicate that the purchaser intended to contest it. Hale v. Omaha Nat. Bk., 64 N. Y. 550, 556; Beach v. Derby, 19 Ill. 617, 622.

The mortgagor of chattels has an interest therein which may be sold on execution against him. The purchaser, under such execution, succeeds to all the rights of the mortgagor. Burnham v. Doolittle, 14 Neb. 214 (Abs. 40-5); Manning v. Monaghan, 28 N. Y. 585, and the N. Y. cases cited *supra;* Merritt v. Niles, 25 Ill. 282; Pike v. Colvin, 67 Ill. 227; People v. Johnson, 15 Ill. App. 153; Durfee v. Grinnell, 69 Ill. 371 375-6; Beach v. Derby, 19 Ill. 617; Hull v. Carnley, 11 N. Y. 501; 17 Id. 202; Gaulet v. Asseler, 22 N. Y. 225; Hamill v. Gillespie, 48 N. Y. 556; Fairbanks v. Phelps, 22 Pick. 535; Carty v. Fensteinsker, 15 Ohio St. 457; Morgan v. Spangler, 25 Ohio St. 38; Lindeman v. Ingham, 36 Ohio St. 9.

Messrs. RUNYAN & RUNYAN, for appellees.

GARY, J. This is an attachment by the appellants against the appellee, Kyne, a resident of Nebraska.

The contest is between the appellants as attaching creditors of Kyne, and the other appellees, residents of Nebraska, claiming under chattel mortgages made by Kyne in Nebraska,

upon cattle there, which he afterward shipped to Chicago. The cattle were here sold by a broker and the money stopped in his hands by this attachment.

The appellees (other than Kyne) interpleaded in the suit, claiming the money, and judgment went in their favor, which the appellants seek to reverse.

Many questions raised by the appellants as to the sufficiency of the mortgages, description and identity of the property and the effect of the acts of the respective parties, may be left unconsidered. Parol proof may, on another trial, remove some objections as to the identity of the cattle. Bell v. Prewitt, 62 Ill. 361.

The Nebraska statute makes chattel mortgages void as to creditors of the mortgagor, where the mortgagor retains possession, unless the mortgage, or a copy of it, is filed in the office of the county clerk of the county where the mortgagor resides. This record does not show a compliance with this statute, as it is silent on the subject of the residence of Kyne at the time the mortgages were made. It does show his residence in the county when the mortgages were filed, but at a date some months later. Residence at any time being shown there is a presumption that it will continue, but none as to when it began. The presumption is prospective, not retrospective. The Nebraska law governs the mortgages here. Mumford v. Canty, 50 Ill. 370.

The appellees took the deposition of Kyne and read it on the trial. On cross-examination, when the deposition was being taken, the appellants asked him whether the other appellees gave him permission to ship the cattle. Under advice of their attorney he refused to answer. That should be good ground for suppressing the deposition. Thompson on Trials, Sec. 701, note; King v. Dale, 1 Scam. 513; Cole v. Choteau, 18 Ill. 439.

Had the appellants given any evidence of such permission, this stifling of testimony would have greatly strengthened it. Downing v. Plate, 90 Ill. 268.

But it does not warrant the assumption of the fact of such permission without any proof. Gage v. Parmelee, 87 Ill. 329.

The court specifically found that the mortgages were valid, to which the appellants excepted, as well as to the general finding against them. This was an essential point in the case of the interpleaders, and being erroneous, the judgment is reversed and the cause remanded.

*Reversed and remanded.*