### In re FLOYD–SCOTT CO.

(District Court, D. Massachusetts. June 8, 1915.)

No. 21221.

1. BANKRUPTCY ⏍191—PREFERENCES—LIEN FOR RENT—NECESSITY OF RECORDING LEASE.

A lease, giving a landlord a lien for the rent on property on the leased premises, under the law of Rhode Island, created an equitable lien, good as against creditors, though the lease was not recorded; and hence, though it was recorded a few days before bankruptcy, when the lessor had reasonable cause to believe that the lessee was insolvent, and that the lien claimed would constitute a preference, the lien did not amount to a voidable preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. ⏍191.]

2. BANKRUPTCY ⏍151—RIGHTS OF TRUSTEE—APPLICATION OF STATE LAW.

Under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), giving a trustee, as to all property coming into the custody of the bankruptcy court, all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, the trustee's rights depend upon the law of the state, as the "rights of a creditor holding a lien by legal or equitable proceedings" are essentially a matter of state law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193, 239; Dec. Dig. ⏍151.]

In Bankruptcy. In the matter of the Floyd-Scott Company, bankrupt. On review of an order of the referee. Order vacated.

Charles W. Littlefield, of Providence, R. I., for alleged lienholder.
Clarence A. Barnes, of Boston, Mass., for trustee.

MORTON, District Judge. [1] This case was recommitted to the referee, after my former opinion, on motion of the trustee, upon the question whether the lien claimed by the petitioner is a voidable preference. The learned referee reports that it was, because, in his opinion, record of the lease was required in order to give validity to the lien as against creditors, and at the time when such record was made, six days before the bankruptcy, the lessor had reasonable cause to be-

lieve that the lessee was insolvent and that the lien claimed would constitute a preference. The petitioner objects both to the findings of fact and to the rulings of law made by the referee.

I see no sufficient reason to doubt the correctness of the learned referee's findings of fact; and they are affirmed.

The lease was undoubtedly valid at the time when it was made. It was not recorded until more than two years later, and was recorded then with the land records, not with those relating to personal property. If the lien claimed does not depend for its validity upon the recording, it is obvious that section 60 of the Bankruptcy Act (Comp. St. 1913, § 9644), on which the learned referee based his decision, does not apply.

As no possession was taken by the lessor, in my former opinion I stated broadly that the lien in the lease was unenforceable against attaching creditors (meaning those without knowledge of the provisions of the lease), or a trustee in bankruptcy, while the lease was unrecorded. That statement was correct as to the law of Massachusetts (Butterfield v. Baker, 5 Pick. [Mass.] 522; Munsell v. Carew, 2 Cush. [Mass.] 50), and probably so as to the general law. See Hervey v. R. I. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003; Reynolds v. Ellis, 103 N. Y. 115, 8 N. E. 392, 57 Am. Rep. 701; Stockton Savings & Loan Soc. v. Purvis, 112 Cal. 236, 44 Pac. 561, 53 Am. St. Rep. 210. But it is contended by the petitioner that it is incorrect as to the law of Rhode Island; and, upon further examination, I think that the petitioner is right in its contention, and that my former statement is not correct as applied to the law of that state.

In Groton Mfg. Co. v. Gardiner, 11 R. I. 626, land and a building were demised by a five-year lease containing a lien clause substantially like the one in question. The lease was recorded with the land records, but not with those relating to personal property. The machinery and other property of the lessee on the leased premises was attached by a creditor, at a time when the rent was in arrears, but no possession had been taken by the lessor under the lien; and the attached property was sold by the sheriff. The lessor filed a bill in equity to assert its lien on the proceeds, and was held entitled to a decree on the ground that the lease gave to the lessor an equitable lien on the property in question which was good against an attaching creditor. The case is distinguishable from this only upon the point that the lease there was recorded with the land records, while here it was not recorded at all. It is difficult to see how such record could in any way affect rights in personal property; and it seems to have been regarded by the court as immaterial. At that time, as now, mortgages of personal property were by statute invalid in Rhode Island, except between the parties, unless recorded (General Statutes of Rhode Island 1872, c. 165, § 9); and the requirements as to record of conveyances of real estate were, as to the question here presented, substantially the same as at present (Id. c. 162, § 4). The court said:

"The instrument in the present case was recorded, but not with mortgages of personal property; and if it had been, it would have given it no additional validity. It is not a mortgage, nor does it purport to be a mortgage, even of the after-acquired property. There is no transfer of title or possession.

Although the word 'pledge' is used, it is not a pledge, because unaccompanied by possession. It is simply a contract for a lien whenever the rent is in arrear, and would constitute a lien in equity." Potter, J., Groton Mfg. Co. v. Gardiner, 11 R. I. 629.

This decision seems to establish in Rhode Island equitable rights in personal property in cases like the present. The trustee in bankruptcy takes the property, real and personal, subject to such rights. Sexton, Trustee, v. Kessler, 225 U. S. 90, 32 Sup. Ct. 657, 56 L. Ed. 995; Clark v. Snelling, 205 Fed. 240, 123 C. C. A. 430 (C. C. A. 1st Circuit); Root Mfg. Co. v. Johnson, 219 Fed. 397, 405, 135 C. C. A. 139 (C. C. A. 7th Cir.). He certainly has no stronger position in this respect than the attaching creditor in Groton Co. v. Gardiner. No record of the lease was necessary to secure the petitioner's rights under the lien here asserted. If not, the recording amounted to nothing, as to the questions here presented, and the petitioner's rights took effect from the time when the lease was made.

[2] The property here in question came "into the custody of the bankruptcy court"; and it is suggested by the trustee that under section 47a (2), as amended in 1910, his rights are to be determined according to the general law on the subject, which, it is said, was inferentially incorporated into this section, and that such rights no longer depend strictly upon the law of the state in which the question arises, but upon broader considerations, among which are the desirability of uniformity in bankruptcy administration, and the hostility of our system of bankruptcy to anything in the nature of a secret lien on the property of the bankrupt. These views were stated by Mr. Referee Olmstead in Re O'Callaghan, 30 Am. Bankr. Rep. 97, 103 (but cf. Root Mfg. Co. v. Johnson, supra, 219 Fed. at 407). But the "rights * * * of a creditor holding a lien by legal or equitable proceedings" are essentially a matter of state law and vary in different states. The trustee's rights in this respect, before the amendment of 1910, were certainly defined by the state law (Hervey v. R. I. Locomotive Works, ubi supra; Duffy, Trustee, v. Charak, 34 Am. Bankr. Rep. 5, 237 U. S. 97, 35 Sup. Ct. 264, 59 L. Ed. ——); and they have been expressly held by this court to be so limited under that amendment (In re Waite Robbins Motor Co. [D. C.] 27 Am. Bankr. Rep. 541, 543, 192 Fed. 47; Remington on Bankruptcy [2d Ed.] pp. 961, 966, 967). In some states, liens for rent are given by statute, and are recognized in bankruptcy. Courtney v. Fidelity Trust Co., 219 Fed. 57, 134 C. C. A. 595 (C. C. A. 6th Cir.).

It follows that the learned referee erred in holding that record was essential to the validity of the lien, and that the lien was therefore invalid as a preference. His decree must be vacated, and a decree entered for the petitioner.