### HOYT et al. v. ZIBELL.

### In re GLASS et al.

#### (Circuit Court of Appeals, Seventh Circuit. April 2, 1919.)

#### No. 2640.

1. BANKRUPTCY ☞188(1)—PRIORITY OF LIENS—RIGHTS OF ANCILLARY RE-
CEIVER.
    Under Bankruptcy Act July 1, 1898, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), the rights of an ancillary receiver are those of an execution creditor, and the priority rights of such creditors as against claims for superior liens must be determined by the laws of the state where the execution is levied.

2. CHATTEL MORTGAGES ☞217—EXTRATERRITORIAL EFFECT—RULE OF COMITY:
    Generally a chattel mortgage, which in the state where made is a valid prior lien upon property there situate, through comity between the states will be to the same extent a lien upon the same chattels when brought into another state; and this rule is recognized by the courts of Illinois.

3. CHATTEL MORTGAGES ☞217—LIENS—REMOVAL OF PROPERTY TO ANOTHER
STATE.
    That a chattel mortgagee knew that the property had been removed from Indiana to Wisconsin held not to deprive him of the right to assert the validity and priority of his lien under the law of Illinois, to which state the property had been taken without his knowledge.

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Louis Glass and another, bankrupts. Petition of J. M. Hoyt, C. B. Little, and L. A. Stebbins, trustees, to review an order in favor of William Zibell, ancillary receiver. Reversed.

Petitioners' chattel mortgage on the auto truck in question was duly executed and recorded in Lake county, Ind., where the mortgagor then resided and the truck was located. In August, 1917, the mortgagor permanently left Indiana, going into business at Kenosha, Wis., taking the mortgaged truck with him, and keeping and using it there, and obtaining credit on the strength of his statement to commercial agencies that he owned this truck, among other property, unincumbered. In November his business at Kenosha burned, and he came to Chicago, bringing the truck with him. Shortly afterwards involuntary proceedings in bankruptcy were commenced against the mort-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gagor and another in Wisconsin, and an ancillary receiver was appointed in Illinois, who seized the truck. Petitioners herein thereupon asked the District Court of Illinois to recognize the mortgage as a superior lien on the truck for the entire balance of the mortgage debt, about $500.

The mortgage was a valid lien under the laws of Indiana, and provided, inter alia, that the truck should not be removed from Lake county, and gave the mortgagees right of immediate foreclosure in case of default in any of the covenants of the mortgage. The mortgagees at no time consented to the removal of the truck from Lake county, but became aware it was at Kenosha, and received from that place one or more deferred payments, the last, a partial payment, made the latter part of October. But it does not appear that the mortgagees had any knowledge of the removal of the truck from the truck from Kenosha to Chicago until after the ancillary receiver had taken it, and just before the petition in the District Court was filed asserting the lien. There was no record of the mortgage in Wisconsin or Illinois. The facts were all stipulated. The special master, to whom the matter was referred, found against the alleged superior lien of the mortgage, and recommended the dismissal of the petition, and decree accordingly was entered, which is challenged by this proceeding.

A. J. Deutschman, of Chicago, Ill., for petitioner.

Harold F. White, of Chicago, Ill., for respondent.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above).
[1, 2] Under Bankruptcy Act July 1, 1898, c. 541, § 47a, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. § 9631), the rights of the ancillary receiver are those of an execution creditor, and it is well settled that the priority rights of such creditors as against claims for superior liens must be determined by the laws of the State wherein the execution is levied. Green v. Van Buskirk, 5 Wall. 307, 18 L. Ed. 599; Hervey v. R. I. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003; Corbett v. Riddle, 209 Fed. 811, 126 C. C. A. 535 (4th C. C. A.). The weight of authority is that in general a mortgage, which in the state of its making is a valid prior lien upon chattels there situate, through comity between the states will be to the same extent a lien upon the same chattels when they are brought into another state. See cases cited thereon: 11 Corpus Juris, 424; 64 L. R. A. 356, note 2; Shapard et al. v. Hynes et al., 104 Fed. 449, 45 C. C. A. 271. A state may by appropriate action declare it to be contrary to its policy to thus give extraterritorial effect to such liens created in other states, but this is not effected by merely prescribing the essential prerequisites to valid chattel mortgage liens given within the state. Shapard et al. v. Hynes et al., supra.

There is no statutory provision in Illinois abrogating or contravening the general rule of comity as stated, and the courts of that state long since declared adherence to the rule. In Mumford v. Canty, 50 Ill. 370, 99 Am. Dec. 525, the question was one of priority as between a valid mortgage on chattels in Missouri and an Illinois judgment levied on the chattels which had been brought into Illinois, where credit had been extended to the debtor on account of his supposed unincumbered ownership of the chattels. The court held that the case must be governed by the rule of comity, and that the Missouri chattel mortgage was a lien on the chattels superior to the Illinois levy, and the rule of

comity has since been repeatedly recognized in the Illinois courts. Shannon v. Wolf, 173 Ill. 253, 50 N. E. 682; Bridges v. Barrett, 126 Ill. App. 122; Armitage v. Potter, 93 Ill. App. 602; Bank v. Arnold, 58 Ill. App. 349; Clough v. Kynes, 40 Ill. App. 234; Waters v. Cox, 2 Ill. App. 129.

The case of Dawes v. Rosenbaum, 179 Ill. 112, 53 N. E. 585, which, in the District Court, seems to have been considered as having "controlling influence" (as stated in the report of the master) as a holding by the Illinois Supreme Court to the contrary, and is here urged to like purpose for respondent, is not in conflict. Indeed, the subject was not referred to in the opinion of the Supreme Court in that case. The statement of facts preceding the court's opinion sets out in full the opinion of the Appellate Court, followed by the Appellate Court's finding of the facts. The Appellate Court opinion, as well as its finding of facts, shows that the case was there decided wholly on the question of the sufficiency of the proof of conversion to sustain the action of trover, and that court, having decided the case upon that ground alone, proceeded to say:

"In view of what has been said, we do not deem it necessary to pass specifically upon the errors assigned in relation to propositions of law held and refused. We cannot conclude this opinion, however, without some suggestions as to the rule, apparently supported by numerous adjudications, that the constructive notice of a mortgage, resulting from its acknowledgment and recording in the state in which it is executed, is also constructive notice in other states, and to the citizens of other states to which the mortgaged property may be removed, thus giving to the law of the state in which the mortgage is executed extraterritorial effect."

The opinion then states some very cogent reasons why, under the circumstances of that case, where the chattels were live stock brought to Chicago for sale in the open market, the rule should be changed— presumably by appropriate legislation. So even this dictum of the Appellate Court does not dispute, but clearly recognizes, the validity of the rule in Illinois. The opinion of the Supreme Court, however, does not touch upon the question of comity, and the only matter by it considered was that of the sufficiency of the demand to establish the conversion. Whatever might be our own view as to the wisdom of the rule, or the propriety of the exception to its application suggested in the Appellate Court opinion, it is sufficient to say that it is the accepted rule in Illinois, and must be given effect.

[3] It seems to be quite definitely settled, however, that where mortgaged chattels are by the mortgagee or with his consent sent into another state, it is at the risk of the accrual there of liens which, while the chattels remain in such state, will be superior. Hervey v. R. I. Locomotive Works, supra. Respondent contends that this is here the case. The only record fact which might tend to support such contention is that during the months of September and October petitioners knew that their mortgagor had left Lake county and removed the truck to Kenosha, from which place some payments had been sent. Other than this, the stipulation states:

"Respondent admits that said removal was without the knowledge or consent of the petitioners, and that at no subsequent time did petitioners consent to said removal."

Of the removal from Kenosha to Chicago it does not appear petitioners had any knowledge whatever. Without determining whether the superior lien of the Indiana mortgage would have become subject to that of an execution levied on the truck while in Wisconsin, where the mortgagees knew the truck had been brought, the fact that, when the bankruptcy proceedings were begun and the truck was seized by the ancillary receiver, it was in Illinois, without consent or knowledge of the mortgagees, leaves them free to enforce the mortgage in Illinois as a lien upon the truck, superior to the claim of the ancillary receiver.

In Armitage v. Potter, supra, there were strikingly similar facts. The mortgaged property was with the mortgagees' consent taken from the state where the mortgage was given to Wisconsin, and thence, without the mortgagees' knowledge, to Illinois, where under the comity rule the mortgage lien was by the Illinois court held paramount to that of an Illinois execution levied on the chattels. Under the facts which this record discloses it cannot be held that the lien of this valid Indiana mortgage, which by comity would be recognized and enforced in Illinois as against execution creditors there, became lost merely because the mortgagees became aware that the truck had been first taken to Wisconsin.

The order of the District Court is reversed, with direction to accord the mortgagees priority upon the truck over the ancillary receiver, for the unpaid mortgage debt.