## SHALET v. KLAUDER. *

### In re LEIBOWITZ et al.

Circuit Court of Appeals, Third Circuit. January 23, 1929.

Supplemental Opinion, September 23, 1929.

No. 3806.

Charles L. Smyth, of Philadelphia, Pa., for appellant.

Herman N. Silver, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court, affirming an order of the referee in bankruptcy, denying to the landlord's claim for rent against the personal property of the bankrupt priority over administration expenses. The sheriff, at the suit of a creditor, levied upon the property on the leased premises. The referee and District Judge held that the claim of the landlord is controlled by section 64b (5) of the Bankruptcy Act (11 USCA § 104), which subordinates debts entitled to priority under the laws of the states or United States to the costs of administration in bankruptcy. The landlord contends that his claim is controlled by section 67d of the Act (11 USCA § 107(d)), which provides that the Bankruptcy Act shall not affect liens given or accepted in good faith and for a present consideration.

The bankrupts, Michael A. Leibowitz, Benjamin Leibowitz, and Benjamin Cutler, were copartners engaged in the candy business, under the name of the Ideal Candy Company, at No. 5935 Market street, Philadelphia. They leased this property for three years from January 15, 1927, at a rental of $175 per month for the first year; $200 per month for the second year, and $275 per month for the third year, payable in advance. One Annie Cutler obtained a judgment against the partners, and on March 21, 1927, issued execution thereon. A levy was made by the sheriff on the same day upon the personal property of the partners found on the Market street premises. When the levy was

*Rehearing denied November 14, 1929.

made, a year's rent of $2,150 became due under the terms of the lease. The landlord claims to have given written notice on March 22, 1927, to the sheriff of his claim; but the trustee disputes it, the record does not disclose it, and the learned District Judge seems to have found as a fact that notice was not given, for his conclusions are based on that assumption.

On March 24, 1927, an involuntary petition in bankruptcy was filed against the partners, individually and as trading as the Ideal Candy Company. A restraining order was issued by the bankruptcy court against the sheriff, forbidding him to sell the property levied upon under the execution. A receiver was appointed, and the sheriff delivered the keys of the premises to him. On April 26, 1927, the receiver sold all the personal property on the premises occupied by the bankrupts for $2,165.24. The landlord presented his claim for one year's rent of $2,150 to the referee, who refused to allow it as a lien prior to the costs of administration, because of his contention that the claim is controlled by section 64b (5) of the Act, and not by section 67d.

The landlord filed a petition for review, and the District Judge affirmed the referee's order of distribution. Thereupon the landlord appealed to this court.

 This is a Pennsylvania case, and the decision depends upon the exercise of the landlord's right to distrain on goods for rent under the law of that commonwealth. In re Floyd-Scott Co. (D. C.) 224 F. 987; Hoyt v. Zibell (C. C. A.) 259 F. 186; In re Bonk (D. C.) 268 F. 1012. His right to distrain there is an inchoate, common-law right. "It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant." In re West Side Paper Co. (C. C. A.) 162 F. 110, 15 Ann. Cas. 384. At common law the landlord could distrain upon any goods found on the premises at the time of the taking, but he had no lien on them until he had made his right active by seizure. However, "if the lien is given by statute, proceedings are not necessary to fix the status of the property. But in the absence of this statutory lien it is necessary to take proceedings to acquire a lien on the property of the tenant for the benefit of the landlord." Morgan v. Campbell, 22 Wall. (89 U. S.) 381, 390, 22 L. Ed. 796. In Pennsylvania, a lien is not given by statute. In order that the right may ripen into a lien, distraint must be made.

Admittedly the landlord had not distrained on the goods when the levy of the sheriff was made. After that it was too late to distrain, but the landlord was not left without remedy. He could have given notice to the sheriff of his claim for rent for one year, and his right to distrain would thereby have become a lien. But without such notice a landlord loses his priority, for the mere contract of lease and the unexercised right to distrain do not create a secret lien upon the property found on the premises. The landlord must not only give notice in order to impress the property with a lien, but he must do so with diligence. In some of the cases it is declared that he must do it before the sheriff makes his return of the execution. Others hold that notice must be given before the sale is made. All agree that it must be given before the money resulting from the sale leaves the sheriff's hands, or, if paid into court by him, before distribution. Wadas v. Sharp, 27 Pa. Super. Ct. 233; Ege v. Ege, 5 Watts, 134; Mitchell's Administrator v. Stewart et al., 13 Serg. & R. 295; Work's Appeal, 92 Pa. 258; Brown v. Jaquette, 94 Pa. 113, 116, 39 Am. Rep. 770; Barnes Appeal, 76 Pa. 50; In re Consumers' Coffee Co. (D. C.) 151 F. 933; In re Fleishman, 9 A. B. R. (N. S.) 352.

The legal question before us is whether or not the intervention of bankruptcy changed the status of the landlord's claim and in some way cured his failure to give notice of his claim to the sheriff. No case has been cited which we think so holds. The appellant relies largely upon Moss' Appeal, 35 Pa. 162, but the question of whether or not notice to the sheriff was necessary was not there before the court. Three or four years after the lease was terminated in that case, judgment was obtained against the former tenant, and a fieri facias was issued thereon. Its personal property (the tenant being the Montgomery County Mining Company) found on the demised premises was levied upon and sold, and the money brought into court. The landlord claimed six months' rent out of the money. The execution creditor contended that, since the lease had long been terminated, there was no *existing* tenancy, and, as the landlord is entitled to claim only out of the property found "upon lands which *are* demised," which implies an existing tenancy, he could not recover. The appellant quotes the following language of the court (35 Pa. 162, 165) in support of his contention:

"Now, if there must be, as is argued, a subsisting tenancy to give the landlord a right to participate in the proceeds of a sale of goods found on his premises, there must be a subsisting tenancy to give him the right

of distress, which were to repeal the act of 1772 [which gave the landlord the right to distrain for rent when a lease had ended in the same manner he might have done if the lease had not ended]. No attentive reader of the act of 1836 can doubt, that the Legislature meant to substitute the landlord's claim on the *proceeds* of the execution sale for his right of distress. Where one existed the other was intended to be conferred. The substitution was limited to a year's rent, but to that extent the substitution was complete."

This language does not, in our opinion, support the contention that bankruptcy relieves the landlord of the necessity of giving notice, or that it in some way cures his failure to do so. It certainly does not do so expressly, nor does it do so impliedly from principle. It supports the proposition that an *existing* tenancy is not necessary to enable the landlord to distrain, and that his right to distrain on the *property* found on the premises is transferred to the *proceeds* of the sale of that property. Notice of the landlord's claim was given to the sheriff, who, in order to protect himself against the rival contentions of the execution creditor and the landlord, paid the proceeds of the sale of the property into court.

The landlord, in the case at bar, having only a common-law right of distraint, it would seem on principle, as well as authority, that the sheriff's levy did not relieve him of the duty of giving notice. Otherwise a sheriff might sell property and distribute the proceeds thereof, without knowing it was impressed with a lien, for, as above stated, the contract of lease does not in itself give the landlord a lien, or a secret charge on the property, and creditors might have no actual and would have no implied notice of its existence.

If the landlord had a valid lien under the law of Pennsylvania, when bankruptcy intervened and the sheriff surrendered the property to the receiver, he may maintain it, for the Bankruptcy Act would not affect it. But, if he did not then have a lien, it was too late thereafter to obtain it, for the bankruptcy court administers property as it finds it with regard to liens.

The amendment of 1910 vested the trustee with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings. This amendment intended to reach cases in which no creditors had acquired liens by legal or equitable proceedings, and to vest in the trustee for the benefit of all creditors the potential rights of creditors having such liens. A claim which for want of

record, notice, or for any other reason, is not a valid lien, under the state law, against the creditors of a bankrupt when bankruptcy ensues, shall not become a lien against his estate in bankruptcy. Section 67a, 11 USCA § 107(a); In re Antigo Screen Door Co. (C. C. A. 7) 123 F. 249; In re First National Bank of Canton (C. C. A. 6) 135 F. 62; Reardon v. Rock Island Plow Co. (C. C. A. 7) 168 F. 654; Scandinavian-American Bank v. Sabin (C. C. A. 9) 227 F. 579; Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 S. Ct. 567, 49 L. Ed. 956; Bryant v. Swofford Bros., 214 U. S. 279, 29 S. Ct. 614, 53 L. Ed. 997; 2 Collier on Bankruptcy (13th Ed.) 1507, and the many other cases there cited.

The landlord in the instant case did not have a lien under the law of Pennsylvania at the institution of bankruptcy proceedings. He could not acquire one thereafter, and the order of the District Court is affirmed.

### Supplemental Opinion.

This opinion is supplemental to our opinion filed in this cause on January 23, 1929. ▮ When we considered this case before, we were of the opinion that the landlord had not given notice of his claim for rent to the sheriff when he delivered the property, upon which he had levied, to the receiver in bankruptcy, and in consequence held that he had lost his lien.

But the landlord filed a petition for a reargument, which was allowed, and it now appears that the landlord did file with the sheriff a notice of his claim on March 23, 1927, which was the day before the petition in bankruptcy was filed. In support of this fact, the landlord submitted an affidavit stating that he had filed the claim, and attached a copy thereof to it. Frank A. De Feo, execution clerk in the office of the sheriff of Philadelphia county, also filed an affidavit in which he said "that at 2:25 p. m. on March 23, 1927, he received a written landlord's claim for rent, a true and correct copy of which" he attached to his affidavit. These affidavits show that the claim of the landlord was filed and his lien perfected before the petition in bankruptcy was filed, and there is no probative evidence to the contrary. The landlord thus perfected his lien, which was valid and existing at the institution of bankruptcy proceedings. We announced the law in our former opinion, as we then understood it, and now understand it, to be, but reached the conclusion that the landlord was not entitled to rent

as a preferred claim, because we were mistaken as to the facts. It now appearing that the landlord had perfected his lien before the institution of bankruptcy proceedings, he is entitled to rent as a preferred claim, but the question is as to the amount of that claim.

The lease provided, inter alia, "If the said lessee shall become embarrassed, make an assignment for the benefit of creditors, be declared a bankrupt, voluntary or involuntary, or if the personal property of the lessee shall be sold by sheriff's or marshal's sale, then the rent for the said term, or any term or balance of any term hereby created, shall at once become due and payable as if by the terms of this lease it were all payable in advance." The rent due under the lease, therefore, was payable, but not for the entire period of three years, because the statute of Pennsylvania provides that "such rent shall not exceed one year's rent." So, in any event, the rent is limited to one year at $175 per month, or $2,150, this being the amount first claimed in accordance with the contract of lease. The trustee, however, contends that the landlord accepted the surrender of the premises on April 27, 1927, and that in no event is he entitled to the payment of rent after that date. He bases this contention on the fact that the trustee in bankruptcy, who stood in the place of the landlord, surrendered the key of the premises to Charles L. Smyth, Esq., attorney of the landlord, on that day. The trustee says that, when he delivered the key, he told Mr. Smyth that he surrendered the property, as well as the key. This is absolutely denied by Mr. Smyth.

Waiving the question of the authority of Mr. Smyth to accept the surrender of the premises, it does not appear to us that the trustee did surrender the property to the landlord on April 27, 1927. The surrender of the demised premises by the tenant during the term will release him from liability for the payment of rent thereafter, provided the lessor accepts the surrender, and the burden of proof is on the lessee to establish that fact. Lane v. Nelson, 167 Pa. 602, 31 A. 864. It has been uniformly held in Pennsylvania that, where a tenant during the term abandons the demised premises, the landlord is not bound, under penalty of loss of his right to receive rent, to permit the tenement to remain wholly unoccupied with the consequent possible or probable loss of his insurance, destruction by waste, or other like injuries. The mere fact that he resumes possession is not of itself sufficient foundation upon which to predicate either an acceptance of a surrender or an eviction. The mere receiving and taking care of the key of the house, which was returned by the lessee, is not the acceptance of the surrender of the property, and nothing is better established in Pennsylvania than that a tenant for years cannot relieve himself from liability under his covenant to pay rent by vacating the demised premises during the term and sending the key to his landlord. This is what the conduct of the trustee in bankruptcy in this case amounts to, and it did not relieve him or the bankrupt estate from the payment of rent. Lane v. Nelson, 167 Pa. 602, 31 A. 864; Hochman v. Kuebler, 53 Pa. Super. Ct. 481; Milling v. Becker, 96 Pa. 182.

But the making of a new lease by a landlord during the existence of an outstanding lease, and in hostility to it, the tenant under the original lease giving up possession to a stranger, effects a surrender of the premises by operation of law. The creation of two individual estates by the same lessor, in hostility to each other, terminates the relation of landlord and tenant under the first lease, when accepted by the first tenant, and abrogates and annuls all the terms and conditions therein expressed. Jenkins et al. v. Root, 269 Pa. 229, 112 A. 153.

It is alleged by the trustee in this case that the landlord, on or about June 15, 1927, made another lease demising the premises in question to another tenant for a period of five years, with the lowest monthly rental of $310 for the first year, which the landlord has been receiving since that date. Under the facts in this case, this would constitute a surrender of the premises by operation of law. If the date of this lease as given by the trustee is correct, the landlord is entitled to only two months' rent from the bankrupt estate. The landlord, however, admits the making of the second lease, but says that he "succeeded in obtaining a tenant about October 1, 1927, and an amended proof of claim was filed in consequence thereof, for about six months' rent." According to his statement, the landlord is entitled to six months' rent. The date of making the second lease and obtaining another tenant is in dispute. But that is a fact which is clearly susceptible of absolute proof, and, if the parties cannot agree upon this fact, a reference to a master to determine it may be made. The landlord is entitled to the payment of rent as a prior claim up to that date.

The decree of the District Court is reversed, with directions to enter a decree in accordance with this opinion.