**218**

## In re PHILBIN et al.
### No. 6886.

District Court, M. D. Pennsylvania.
July 30, 1931.

On Reargument Nov. 25, 1931.

Jenkins, Turner & Jenkins, of Wilkes Barre, Pa., for trustee.

W. L. Pace, of Pittston, Pa., for landlord-claimant.

David Rosenthal, of Wilkes Barre, Pa., referee in bankruptcy, in pro. per.

WATSON, District Judge.

This is a review of an order of the referee in bankruptcy, denying to the landlord's claim, for rent against the personal property of the bankrupt, priority over administration expenses.

The landlord contends that his claim for rent of the premises where the bankrupt's goods were at the time of his bankruptcy is a preferred claim which is payable in full out of the proceeds of such goods, undiminished by anything except the costs of sale.

The bankrupts, James J. Philbin and Anthony A. D'Angelo, were copartners, engaged in the haberdashery business under the name of Philbin & D'Angelo, at No. 30½ South Main street, Pittston, Pa. They leased this property for five years from April 1, 1929, at a rental of $150 per month, payable on the first day of each month in advance. On August 13, 1930, an involuntary petition was filed against James J. Philbin and Anthony A. D'Angelo, trading as Philbin & D'Angelo.

On November 26, 1930, the trustee sold all of the personal property on the premises occupied by the bankrupts for $1,225. The landlord presented his claim for one year's rent of $1,800 to the referee, who refused to allow it as a lien prior to the costs of administration, but, after deducting from $1,225, $655.70, the costs of administration, directed the trustee to pay to the landlord the balance, $569.30. There is nothing in the record to show that the landlord distrained on the goods.

The landlord contends that his claim for one year's rent is a lien and is controlled by section 67d of the Bankruptcy Act (11 USCA § 107(d), which provides that the Bankruptcy Act shall not affect liens given or accepted in good faith and for a present consideration.

In Shalet v. Klauder (In re Leibowitz et al.) 34 F.(2d) 594, 595 (Circuit Court of Appeals, Third Circuit, January 23, 1929), Davis, Circuit Judge, in discussing the identical question which is raised in the present case, said: "This is a Pennsylvania case, and the decision depends upon the exercise of the landlord's right to distrain on goods for rent under the law of that commonwealth. In re Floyd-Scott Co. (D. C.) 224 F. 987; Hoyt v. Zibell (C. C. A.) 259 F. 186; In re Bonk (D. C.) 268 F. 1012. His right to distrain there is an inchoate, common-law right. 'It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant.' In re West Side Paper Co. (C. C. A.) 162 F. 110, 15 Ann. Cas. 384. At common law the landlord could distrain upon any goods found on the premises at the time of the taking, but he had no

lien on them until he had made his right active by seizure. However, 'if the lien is given by statute, proceedings are not necessary to fix the status of the property. But in the absence of this statutory lien it is necessary to take proceedings to acquire a lien on the property of the tenant for the benefit of the landlord.' Morgan v. Campbell, 22 Wall. (89 U. S.) 381, 390, 22 L. Ed. 796. In Pennsylvania, a lien is not given by statute. In order that the right may ripen into a lien, distraint must be made."

In determining the question whether a landlord's claim for rent against personal property of the bankrupt has priority over administration expenses, the test is whether the landlord has exercised his right to distrain on goods for rent under the law of Pennsylvania where the case arose.

The landlord in the present case had a right in the nature of a lien. He did not exercise that right by distraint or otherwise. He did not have a lien under the laws of the state of Pennsylvania at the institution of the bankruptcy proceedings, and he could not acquire one thereafter. Under such circumstances, the landlord's claim for rent does not have priority over administration expenses.

Now, July 30, 1931, the petition for review is dismissed, the referee's order for distribution is affirmed, and the referee's first and final report of audit is confirmed finally.

### On Reargument.

This case was considered by me before, and, in an opinion filed July 30, 1931, I held that the landlord's claim for rent does not have priority over administration expenses. The landlord filed a petition for reargument, which was granted, and the matter is again before this court.

When I considered the case before, I was of the opinion that this case was controlled by that which was held in Shalet v. Klauder, (In re Leibowitz et al.) 34 F.(2d) 594, 596 (C. C. A.) and, after carefully considering the arguments and briefs of counsel, I am still of the same opinion. In Shalet v. Klauder (In re Leibowitz et al.), the landlord presented his claim for one year's rent to the referee, who refused to allow it as a lien prior to costs of administration, and the District Judge affirmed the referee's order of distribution. The Circuit Court of Appeals (Third circuit), in the opinion by Judge Davis, said: "The landlord in the instant case did not have a lien under the law of Penn-

sylvania at the institution of bankruptcy proceedings. He could not acquire one thereafter, and the order of the District Court is affirmed."

It follows that the order of this court dismissing the petition for review, affirming the referee's order for distribution, and confirming the referee's first and final report of audit, shall be and remain the order of this court in this case.