## HAY v. PATRICK et al.
### No. 5688.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1935.

George J. Campbell and Thomas L. Jones, both of Pittsburgh, Pa., for appellant.

A. E. Kountz, Kountz & Fry, and Stonecipher & Ralston, all of Pittsburgh, Pa., for appellees.

Before BUFFINGTON and THOMPSON, Circuit Judges, and KIRKPATRICK, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Western District of Pennsylvania. On April 29, 1933, one Rufer filed a petition for a composition or an extension under section 74 of the amended Bankruptcy Act of March 3, 1933 (see 11 USCA § 202), which was allowed. On May 12, 1933, the court also allowed an order, which has never been revoked, restraining each and every creditor from making any levy or execution upon the property of Rufer. On April 28, 1934, the appellant, Rufer's landlord, petitioned the court to adjudge Rufer a bankrupt. On May 10, 1934, Rufer was adjudged a bankrupt, and J. R. Patrick, one of the appellees herein, was appointed trustee in bankruptcy. On June 29, 1934, Ottenheimer Bros., Inc., the other appellee, claiming under a bailment lease, filed a petition for reclamation of two refrigerator cases and a counter. On the same day the trustee admitted the averments in the reclamation petition, and the referee directed the trustee to surrender possession of the bailed property. On the following day the appellant petitioned the referee to revoke the order of reclamation, or, in the alternative, to surcharge the trustee, to which petition both appellees filed answers. Upon review of the pleadings, the referee dismissed the petition to revoke, and the District Court affirmed the order of the referee. This appeal is from the order of the District Court.

The appellant claims that, as landlord of the bankrupt, she had a lien upon the reclaimed property, that, as such lienor, she was entitled to notice, and that the reclamation proceedings were void because of the failure of the parties to give notice to her. We have construed the Pennsylvania authorities as holding that a landlord has no lien until he has made a levy. Shalet v. Klauder, 34 F.(2d) 594. In discussing the nature of the landlord's right, we said in In re West Side Paper Co., 162 F. 110, 111, 15 Ann. Cas. 384: "It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant."

It is undisputed that in the instant case the appellant did not distrain upon the reclaimed property. We conclude that the appellant did not have a lien and that the District Court did not err in holding that the appellant was not such a party in interest as to be entitled to receive notice.

In view of our conclusion sustaining the court below on the merits, we do not deem it necessary to determine the issues raised by the appellees in their motion to dismiss the appeal. The order of the court below is affirmed.