**In re UNI–LAB, INC., Bankrupt,
York & Foster, Inc., Appellant.
No. 13197.**

United States Court of Appeals
Third Circuit.

Argued June 10, 1960.

Decided Sept. 6, 1960.

Warren W. Bentz, Erie, Pa. (T. P. Dunn, Erie, Pa., on the brief), for appellant.

Walter A. Dart, Jr., Erie, Pa., for appellee.

Before BIGGS, Chief Judge and KALODNER and FORMAN, Circuit Judges.

KALODNER, Circuit Judge.

 This is an appeal from an Order in bankruptcy in which the District Court affirmed the finding of the Referee that the bankrupt's landlord, York & Foster, Inc. was not entitled to lien status with respect to its claim for rent.

The District Court's affirmance was premised on its holding that under Pennsylvania law a landlord has no valid lien prior to distraint and in the instant case it was undisputed that the landlord had not distrained prior to bankruptcy.

On this appeal the landlord contends that under Pennsylvania law a landlord has a lien on distrainable goods on his premises without distraint.

The facts are set forth in detail in the District Court's opinion [1] and it would serve no useful purpose to restate them here. The critical fact, as above stated, is that the landlord had not distrained prior to bankruptcy.

Prior decisions of this Court are dispositive of this appeal.

In In re Einhorn, 1959, 272 F.2d 434, at page 439, we said:

"* * * Therefore, the landlord in this case had a lien upon the fund created by the sale of only those goods *upon which there was a distress.*" (Emphasis supplied.)

The issue here was considered by us in Shalet v. Klauder, 1929, 34 F.2d 594, at page 595, and in holding that in Pennsylvania a landlord does not have a lien for rent in the absence of a levy or distraint, we said:

"This. is a Pennsylvania case, and the decision depends upon the exercise of the landlord's right to distrain on goods for rent under the law of that commonwealth. In re Floyd-Scott Co. of Boston, D.C., 224 F. 987; Hoyt v. Zibell, 7 Cir., 259 F. 186; In re Bonk, D.C., 268 F. 1012. His right to distrain there is an inchoate, common-law right. 'It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant.' In re West Side Paper Co., 3 Cir., 162 F. 110, 15 Ann. Cas. 384. At common law the landlord could distrain upon any goods found on the premises at the time of the taking, but he had no lien on *them until he had made his right active by seizure.* However, 'if the lien is given by statute, proceedings are not necessary to fix the status of the property. But in the absence of this statutory lien it is necessary to take proceedings to acquire a lien on the property of the tenant for the benefit of the landlord.' Morgan v. Campbell, 22 Wall. (89 U.S.) 381, 390, 22 L.Ed. 796. *In Pennsylvania, a lien is not given by statute. In order that the right may ripen into a lien, distraint must be made.*" (Emphasis supplied.)

1. The District Court's opinion is reported at D.C.W.D.Pa.1959, 180 F.Supp. 176.

In Hay v. Patrick, 3 Cir., 1935, 79 F.2d 407, we reiterated our holding of Shalet v. Klauder, supra, stating (at page 407):

"We have construed the Pennsylvania authorities as holding that a landlord has no lien until he has made a levy. Shalet v. Klauder, 34 F.2d 594."

In In re West Side Paper Co., 1908, 162 F. 110, cited in Shalet v. Klauder, supra, we said (34 F.2d at pages 111–112):

" * * * the right of the landlord [in Pennsylvania] remains for the most part as it was at common law. The right to distrain or levy upon all the goods upon the demised premises, whether those of the tenant or of a stranger, arises the moment the relation of landlord and tenant is established. It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant * * *.

"*While there is no specific lien, except on the goods actually distrained under the landlord's warrant,* all the goods on the demised premises are to be considered as being under a quasi pledge * * *." (Emphasis supplied.)

In In re Mount Holly Paper Co., 3 Cir., 1940, 110 F.2d 220, the landlords had distrained prior to bankruptcy. The Bankruptcy Act then in effect provided that a lien had to be obtained in "good faith" in order to be entitled to preferred payment out of encumbered property. In holding the distraint had been excessive, we said (at page 224):

" * * * The landlords, therefore, forfeited their right to any lien, cognizable in bankruptcy, based upon the excessive distraint and their right to priority of payment for the rent actually due must be determined as if the warrant had never been issued."

We then examined the status of the landlords "as if the warrant had never been issued" and concluded that the landlords were entitled to a priority payment under § 64. We said (at pages 224–225):

"The filing of the petition in bankruptcy was equivalent to the issuance of an execution against the tenant. Longstreth v. Pennock, 20 Wall. 575, 87 U.S. 575, 576, 22 L.Ed. 451; Bennetts' Estate et al. v. Sproul, supra; Rosenblum v. Uber, 3 Cir., 256 F. 584 * * *. With bankruptcy (i. e. execution) occurring, the Pennsylvania Act of June 16, 1836, P.L. 755, § 83, 68 P.S. § 321, gives the landlord, although distraint has not been made, a right to prior satisfaction out of the goods and chattels on the demised property for the rent due at the time of the execution (bankruptcy) not exceeding one year's rent. This right under State law is recognized and allowed in bankruptcy under § 64, sub. b, cl. 7, [now a(5)] of the Bankruptcy Act."

■ The Pennsylvania Act of June 16, 1836, P.L. 755, § 83, 68 P.S. § 321,[2] cited by the landlord here, does not give the landlord a lien absent distraint. It is only the Act of May 7, 1929, P.L. 1589, § 1, as amended, 68 P.S. § 322, dealing with the rights of a landlord who *has distrained,* that makes any mention of a lien. The Act of 1836 merely protects a landlord's pre-distraint *priority over general creditors* in the event of an execution sale or a sale arising out of

---

**2.** The Act of 1836 is derived from the Act of March 21, 1772, Section IV (repealed) which, in turn, was based upon the statute of 8 Anne, Ch. 14. The Act of 1836 provides:

"The goods and chattels being in or upon any messuage, lands, or tenements, which are or shall be demised for life or years, or otherwise taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, That such rent shall not exceed one year's rent."

insolvency. See Globe Solvents, Inc. v. Nouskhajian, 1942, 148 Pa.Super. 209, 25 A.2d 595. As Judge Eagen (now Justice Eagen of the Pennsylvania Supreme Court) said in Dickson v. Monarch Anthracite Mining Co., C.P.Lack.Co., 1944, 45 Lack.Jur. 201, at page 211:

"* * * where no distraint has been made the landlord has a preference over general creditors only and then only as to one year's rent, but * * * where a distraint has been made he has a specific perfected lien to which the general statutory priority accorded other claims is subordinate."

Holdings of the District Courts in this Circuit are in accord: In re George Townsend Company, D.C.E.D.Pa.1957, 180 F.Supp. 625; In re Goldstein, D.C. E.D.Pa.1940, 34 F.Supp. 876; In re Philbin, D.C.M.D.Pa.1931, 53 F.2d 218; See also Collier, Bankruptcy, para. 67.23, pp. 230–33 (14th Ed. 1954).

In view of the foregoing, we need not discuss the other points raised since they are only relevant when the landlord has a lien.

For the reasons stated the Order of the District Court will be affirmed.