## Kinney v. Russo

*Frank J. Piatek,* for plaintiff.
*Sherman K. Levine,* for defendant.

PER CURIAM, December 16, 1977—Before this court is plaintiff's preliminary objection in the nature of a motion to strike and a demurrer to defendant's counterclaim.

## FACTUAL BACKGROUND

Plaintiff, Leo Kinney, filed a complaint in replevin in 1971 seeking to regain his personal property taken by distraint by defendant, Theresa Russo. Defendant filed a preliminary objection in the nature of a demurrer to this complaint. The preliminary objection was dismissed on June 16, 1975.

In August of 1977, defendant filed an answer to plaintiff's replevin complaint claiming that Mr. Kinney's property is properly held by Theresa Russo pursuant to a warrant of distraint obtained by her in 1969. In addition, defendant Russo filed a counterclaim for the back rent owed to her by Mr. Kinney. Due to the poor condition of plaintiff's personal property, defendant contends that she was not able to recover any of her losses through a sale of plaintiff's property. Thus, defendant is demanding judgment against plaintiff for the rent due plus constable and justice of the peace costs in connection with the distraint proceedings.

Pursuant to Rule 1017(b), plaintiff filed preliminary objections to defendant's counterclaim. Plaintiff first asks this court to strike the counterclaim because it does not conform to Rule 1082 of the Pennsylvania Rules of Civil Procedure. In the alternative, plaintiff demurred to the counterclaim contending that it is barred by the Statute of Limitations.

## I.   PLAINTIFF'S MOTION TO STRIKE.

Plaintiff would first have this court strike defendant's counterclaim because it does not conform to Rule 1082 of the Pennsylvania Rules of Civil Procedure. Rule 1082(a) states that a claim secured by a lien can be set forth as a counterclaim to a replevin complaint but that no other counterclaims can be asserted. It is plaintiff's contention that defendant does not have a lien on the personal property of Mr. Kinney and therefore the counterclaim should be stricken.

A claim of a lien cannot be sustained unless a right thereto has been established at common law, by statute, or by agreement of the parties: Derstine v. Farm Bureau Garage, 93 Montg. 428, 429 (1970); Counts v. Britt & Hanks, 52 D. & C. 2d 758 (1971); Bird v. Blue Coal Corporation, 60 Luz. 25 (1969). The landlord's lien for rent due has long been recognized by the courts of Pennsylvania: Furbush v. Chappell, 105 Pa. 187 (1884); Com. to use v. Breckenridge, 153 Pa. Superior Ct. 80, 33 A. 2d 524 (1943). However, plaintiff first asserts that the lien in this case did not attach because the right of distraint has never properly been exercised by Mrs. Russo. He points to the fact that no appraisal of the property was made nor was any sale held. The lien not having been attached, it can not serve as a basis for defendant's counterclaim, according to plaintiff.

Plaintiff's position is not an accurate statement of the law. The courts have held that the landlord lien does not attach until distraint is made, not as plaintiff suggests until the right of distraint has been exercised: In re Uni-Lab, Inc., 282 F. 2d 123 (3d Cir. 1960); Hay v. Patrick, 79 F. 2d 407 (3d Cir. 1935); Shalet v. Klauder, 34 F. 2d 594 (3d Cir.

1929). The court in Shalet stated " 'in the absence of [a] statutory lien it is necessary to take proceedings to acquire a lien on the property of the tenant for the benefit of the landlord [citations omitted].' In Pennsylvania, a lien is not given by statute. In order that the right may ripen into a lien, distraint must be made." Id. at 595. Here, defendant did obtain a warrant of distraint and took possession of the property. This is all that the law requires in order for the lien to attach. Failure of the landlord to make an appraisement of the property does not impair the landlord lien: Greenberg v. Goldman Stores Corp., 117 Pa. Superior Ct. 559, 178 Atl. 528 (1935). Thus, the failure of defendant here to appraise and sell the distrained goods does not bar the counterclaim for back rent.

In his motion to strike, plaintiff next contends that Theresa Russo, by consenting to the removal of Mr. Kinney's personal property (1) extinguished her landlord lien by waiver, and (2) is estopped to assert the lien.

Without doubt, a landlord may expressly or impliedly waive his right to claim a lien upon the property of his tenant: Saloy v. Bloch, 136 U.S. 338, 10 S. Ct. 996, 34 L.Ed. 468 (1890); Govett v. Reed, 4 Yeates 456 (1807); 49 Am. Jur. 2d §693. It has been held that if the landlord consents to the removal of the liened property from the house, he thereby waives his lien: Wolcott v. Ashenfelter, 5 N.M. 442, 23 P. 780 (1890).

In paragraph 11 of her answer, defendant relates that she has disposed of the vast majority of plaintiff's personal property. It stated that Josephine Kinney "removed nearly all items of plaintiff's furniture" at the request of Theresa Russo, defendant. This paragraph also stated that the remainder of plaintiff's property "was hauled away by a junk-

man" because it was "worthless junk." The only property of plaintiff's remaining in defendant's possession are "an ironing board, refrigerator, stove, old carpet, cupboard and bench, all of which are old, well-worn, and of little value" according to paragraph 11 of defendant's answer.

These actions by defendant are sufficient to support the conclusion that Theresa Russo waived her landlord lien. On one hand, defendant treated the property as worthless junk and had it removed from her possession. On the other hand, defendant is attempting to assert her possessory interest in the property in order to support the lien needed to assert a counterclaim for damages. The law will not permit her to assert these inconsistent positions for, if it did, it would deserve Mr. Bumble's famous reproach.

Coulter v. Line, 262 Pa. 95, 104 Atl. 867 (1918), cited by defendant, does not support the assertion that a lien is barred only by the lapse of time sufficient to raise the presumption that the lien has been satisfied. Instead, the case holds that where a person is claiming satisfaction of a lien and where there is no evidence of payment or demand for payment upon it or acknowledgement of its existence within 21 years, a conclusive presumption of release arises and the lien is irrecoverable. Thus, because defendant has waived her landlord lien, the counterclaim set forth in her answer is barred by Rule 1082. Therefore, defendant's preliminary objection in the nature of a motion to strike defendant's answer is sustained.

## II.   PLAINTIFF'S DEMURRER

Having stricken defendant's counterclaim, there is no need for this court to consider plaintiff's pre-

liminary objection in the nature of a demurrer to the counterclaim.

## ORDER

Now, December 16, 1977, it is ordered, adjudged and decreed that plaintiff's preliminary objection in the nature of a motion to strike is sustained. Defendant's counterclaim to plaintiff's complaint is hereby stricken.