**In re RECYCLING RESEARCH, INCORPORATED, Debtor.**

**Bankruptcy No. 83–02429G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 29, 1985.

Joseph C. Honer, Jr., Aston, Pa., for debtor, Recycling Research, Inc.

Kenneth F. Carobus, Philadelphia, Pa., for Media Real Estate Co.

John Hamilton, Media, Pa., for FDI Capital Placement Corp.

Edward J. DiDonato, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for Leo F. Doyle, trustee.

## OPINION [1]

EMIL F. GOLDHABER, Chief Judge:

The problem raised in the case at bench is whether a landlord has a valid distraint for rent against a debtor's goods which would give a landlord priority over the holder of a nonpurchase-money security interest in the same goods. For the reasons outlined *infra,* we conclude that a landlord has the superior claim.

We summarize the facts of this case as follows: [2] The debtor leased a parcel of realty from the Media Real Estate Company ("Media") in 1980. During the following year the debtor granted FDI Capital Placement Corporation ("FDI") a nonpurchase-money security interest in all its equipment and machinery on the leasehold as well as on other goods there. The debt-

---

**1.** This opinion and accompanying order supersede our opinion and order of April 11, 1985.

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

or ultimately defaulted on the lease and Media then entered judgment by confession against the *debtor* for unpaid rent. Simultaneously a writ of execution was issued from the local state court. Approximately one week later the sheriff levied on all equipment and machinery on the premises. The debtor thereupon filed a petition in state court to open the judgment whereupon Media and the debtor stipulated to the opening of the judgment to allow the debtor to plead a defense. The record does not reveal whether the state court took any action on the stipulation. On approval by us, the trustee sold the machinery and equipment free and clear of liens with those encumbrances attaching to the proceeds.

Although FDI and Media have asserted a claim against the proceeds of the sale, the fund is insufficient to satisfy either claim in full. Realizing that the fund is unavailable to satisfy the claims of unsecured creditors, but still bound by his duty to distribute the assets of the estate, the trustee commenced the action at bench to determine the priority of the competing interests in the fund.[3] The basis of the dispute is Media's contention that it had a distraint for rent on the collateral that generated the fund, which would accord it priority under state law over FDI's pre-existing nonpurchase-money security interest.

■ At common law a landlord does not have a lien on a tenant's personalty on the leasehold merely by virtue of the landlord-tenant relationship. *Hay v. Patrick,* 79 F.2d 407 (3d Cir.1935); *Shalet v. Klauder,* 34 F.2d 594, 595 (3d Cir.1929). Under the common law remedy of distress the landlord may acquire a lien for unpaid rent in the tenant's chattels by seizing those goods and detaining them until the rent is paid. *Shalet.* Only by seizure of the goods by the landlord or his agent does the lien arise. *Id.* It has been held that a

distraint is not defective merely because the agent chosen by the lessor to distrain the goods is a sheriff or constable. *Mortgage Building & Loan Assoc. v. J.B. Van Sciver Co.,* 304 Pa. 408, 155 A. 920 (1931); *Moyer v. Frankford Grate Co.,* 133 Pa.Super. 323, 2 A.2d 587 (1938).

■ In Pennsylvania the right to distraint has also been expressed by statutory law. Pa.Stat.Ann. tit. 68, § 250.302 (Purdon 1965); Pa.R.C.P. No. 1163. The requirement of seizure has been preserved in the statute although "a very slight act is sufficient to constitute a seizure in contemplation of the law." *Letzic and Letzic v. Kaufman,* 109 Pa.Super. 205, 208, 167 A. 488 (1933). The statute and the common law provide that a landlord's lien of distress for rent has priority over a preexisting nonpurchase-money security interest in the distressed goods. *In Re Einhorn, Inc.,* 272 F.2d 434, 440–41 (3d Cir.1959).

■ In the case at bench, if the lessor, Media, has properly distrained upon the debtor's goods it will have priority over FDI's preexisting nonpurchase-money security interest based on the rule of *Einhorn.* Media predicates its lien for distress on two bases, the first of which is that "even if the goods [are] taken by execution (which includes taking by a trustee in bankruptcy, *Bennett's Estate v. Sproul,* 42 F.2d 33 (3d Cir.1930)), the Landlord is allowed one year's rent." If true, Media's proposition would give each landlord a lien for unpaid rent on the filing of his tenant's petition under the Code. In pertinent part, the court in *Bennett* stated the following:

> The case turns on the construction of the Pennsylvania Act of June 16, 1836, P.L. 755, § 83 (Pa.St. 1920, § 10457), and its application to the facts here involved. As here pertinent, that act provides: "The goods and chattels being in or upon any ... lands ... which are ... demised

---

3. Under 11 U.S.C. § 545 of the Code the "trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien.... (4) is a lien for distress for rent." This language is clearly permissive rather than mandatory since the trustee *"may avoid"* a lien for

distress. Consequently, any lien for distress is merely voidable rather than void. The trustee has chosen not to avoid the lien for the ostensible reason that it would be a worthless act for the estate; the property would still be fully encumbered by FDI's lien.

for ... years ... and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, That such rent shall not exceed one year's rent." It will be observed that this court has held that bankruptcy was a taking in execution within the statute.

*Bennett,* 42 F.2d at 34. In *In Re Uni-Lab, Inc.,* 282 F.2d 123 (3d Cir.1960), the court squarely confronted the issue advanced by Media and the language quoted from *Bennett:*

The Pennsylvania Act of June 16, 1836, P.L. 755, § 83, 68 P.S. § 321[4] cited by the landlord here, does not give the landlord a lien absent distraint. It is only the Act of May 7, 1929, P.L. 1589, § 1, as amended, 68 P.S. § 322, dealing with the rights of a landlord who *has distrained,* that makes any mention of a lien. The Act of 1836 merely protects a landlord's pre-distraint *priority over general creditors* in the event of an execution sale or a sale arising out of insolvency.

*Uni-Lab,* 282 F.2d at 125–26 (emphasis in original, the court's footnote renumbered but reproduced below). Thus, Media's argument is without merit since the filing of a petition under the Code does not give rise to a lien for distraint.

Media's second basis for its lien for distraint is the prepetition levy by the sheriff on the tenant's personalty. Although Media and the debtor stipulated to the opening of the state court judgment, the Pennsylvania Rules of Civil Procedure provide that the "lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending." Pa.R.C.P. No. 2959(f). Thus, the opening of the judgment does not undermine the judgment and levy and consequently Media has a valid dis-

traint on the goods. We will therefore enter an order evincing the priority of Media's lien over FDI's and mandating that the proceeds of the sale be distributed accordingly.

---

**4.** The act of 1836 is derived from the Act of March 21, 1772, Section IV (repealed) which, in turn, was based upon the statute of 8 Anne.Ch. 14. The Act of 1836 provides:

"The goods and chattels being in or upon any messuage, lands, or tenements, which are or shall be demised for life or years, or other-

wise taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, That such rent shall not exceed one year's rent."

*Uni-Lab,* 282 F.2d at 125 n. 2.