In re Philip S. SENLICK, Debtor.

Philip SENLICK and Edward Mazze, Trustee, Plaintiffs,

v.

Joseph PICERNO, Defendant.

Bankruptcy No. 85–02381G.
Adv. No. 85–0754G.

United States Bankruptcy Court, E.D. Pennsylvania.

April 11, 1986.

Carl E. Watts, Philadelphia, Pa., for debtor/plaintiff, Philip S. Senlick.

Christopher G. Kuhn, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for plaintiff/trustee, Edward Mazze.

David Assad, Briscoe & Howard, Philadelphia, Pa., for defendant, Joseph Picerno.

Edward Mazze, Furlong, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question under adjudication in the case at bar is whether we should grant the debtor's request for turnover of property seized by his landlord prior to the filing of the debtor's chapter 7 petition. On the basis of the reasons set forth below, we conclude that the debtor is not entitled to the relief sought.

The facts of this case are as follows:[1] The debtor was renting a parcel of improved realty from one Philip Picerno ("Picerno") and during the term of the lease the debtor failed to pay several consecutive monthly rental payments. Because of this default, Picerno entered the property and seized certain items of personalty to satisfy the debt. The record is far from clear as to whether the property belonged to the debtor, his mother or a partnership constituted by the two. The debtor thereafter filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code"). The debtor and the trustee then filed the instant complaint requesting turnover of the seized property under 11 U.S.C. § 542 of the Code.

Section 542(a) of the Code provides that:

§ 542. Turnover of property to the estate

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Our discussion of the foregoing section must be preceded by a recitation of several principles of landlord-tenant law such as the precept that, at common law, a landlord does not have a lien on a tenant's personalty on the leasehold merely by virtue of the landlord-tenant relationship. *Hay v. Patrick*, 79 F.2d 407 (3d Cir.1935); *Shalet v. Klauder*, 34 F.2d 594, 595 (3d Cir.1929). Under the common law remedy of distress the landlord acquires a lien for unpaid rent in the tenant's chattels by seizing those goods and detaining them until the rent is paid. *Shalet; In Re Recycling Research, Inc.*, 49 B.R. 327, 328 (Bankr.E.D.Pa.1985). In Pennsylvania the right to distrain has also been expressed by statutory law. Pa. Stat.Ann. tit. 68, § 250.302 (Purdon 1965); Pa.R.C.P. No. 1163.

Section 542(a) of the Code provides that an entity, other than a custodian, in possession or control of property that the trustee may use, sell or lease under 11 U.S.C. § 363, or that the debtor may exempt, shall deliver such property to the trustee unless that property is of inconsequential value to the estate. In construing § 542, the United States Supreme Court has recently held that "the reorganization estate [of a chapter 11 debtor] includes property of the

[1]. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

debtor that has been seized by a creditor prior to the filing of the petition for reorganization." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). A debtor's right to turnover apparently terminates when the creditor becomes vested with an ownership interest in the repossessed property rather than a mere possessory interest. *Id.* at 2316. Turnover likewise must be denied unless a debtor proves that the creditor's interest in the property is adequately protected. 11 U.S.C. § 363(e); *Whiting Pools,* 462 U.S. at 204, 103 S.Ct. at 2313; *Loof v. Frankord Trust Co.,* (In Re Loof), 41 B.R. 855, 856 (Bankr.E.D.Pa.1984).

In the case at bar, a lien arose in Picerno's favor on his prepetition seizure of the goods in question, but turnover of this encumbered property may not be ordered unless the debtor, or the trustee, offers Picerno adequate protection of his security interest in the goods. At the hearing the issue of adequate protection was not raised and no proof was introduced to support its existence. Consequently, the request for turnover must be denied and we will enter an appropriate order.