**In re Kenneth W. AYSCUE, Sr., Debtor.**

**Keith L. PHILLIPS, Trustee, Plaintiff,**

**v.**

**Thelma C. SMITH, Defendant.**

**Bankruptcy No. 89–01410–RT.**

**Adv. No. 90–3125–RT.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 28, 1990.

Stanley K. Joynes, III, Rilee, Cantor, Arkema and Edmonds, P.C., Richmond, Va., for plaintiff.

Thomas L. Murphey, Beddow, Marley, Burgess and Murphey, Chesterfield, Va., for defendant.

MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case deals with a complaint brought by the trustee, Keith L. Phillips, seeking turnover of certain shares of stock held by the defendant, Thelma C. Smith. It comes before the court on motion for summary judgment and order approving replacement lien. After considering argument by counsel in the memoranda filed and at a hearing on September 12, 1990, this court partially grants and partially denies the trustee's motion.

The facts of this case are essentially undisputed. It appears that the defendant is in possession of shares of stock in two corporations. The shares were pledged to the defendant by the debtor pursuant to a stock pledge agreement between the debtor, Kenneth W. Ayscue, Sr., and the defendant, dated December 27, 1988, securing the payment of two demand notes. The stock in question is comprised of 56 shares of common stock of Orange Markets, Inc. (Orange Markets), and 100 shares of Chesterfield Lumber Company, Inc. (Chesterfield).

The debtor filed a chapter 7 bankruptcy petition on June 15, 1989, and Keith L. Phillips was appointed interim trustee. Mr. Phillips brought this adversary proceeding seeking turnover of the stock pursuant to his powers under 11 U.S.C. § 542. In her answer, the defendant admitted to the existence of the stock pledge agreement but requested the court to enter an order allowing her to maintain possession of the stock, or in the alternative, to require the trustee to provide the defendant with adequate protection.

The trustee subsequently filed a motion for summary judgment requesting turnover of the stock and an order providing for adequate protection in the form of a replacement lien on the proceeds of any sale of the stock. The defendant opposes this motion and now asserts that the trustee must satisfy the pledge by paying the underlying debt before the court may order turnover of the stock.

*Analysis*

SECTION 542(a) GENERALLY

Section 542(a) of the bankruptcy code provides in pertinent part:

[A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless the property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (1990).

A creditor in possession of collateral that the trustee may use, sell, or lease under § 363 must turn the collateral over to the trustee but may require adequate protection to be provided pursuant to § 363(e). *See, e.g., United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *World Communications, Inc. v. Direct Marketing Guaranty Trust (In re World Communications, Inc.),* 72 B.R. 498, 501 (D.Utah 1987); *Michalski v. State Bank Trust (In re Taco Ed's, Inc.),* 63 B.R. 913, 929 (Bankr.N.D.Ohio 1986); *Senlick v. Picerno (In re Senlick),* 59 B.R. 296, 298 (Bankr.E.D.Pa.1986). *See also* L. King *Collier on Bankruptcy* ¶ 542.02 (15th ed. 1990).

PLEDGED PROPERTY

The defendant maintains that because the security interest involved is a pledge [1] the trustee may not compel its turnover pursuant to § 542(a). In support of this argument, the defendant cites broad language in a footnote in *Whiting Pools:*

We do not decide whether any property of the debtor in which a third party holds a possessory interest independent of a creditor's remedy is subject to turnover

---

1. *Collier on Bankruptcy* defines a pledge as "a bailment of personal property as security for some debt or engagement, redeemable on certain terms, and with an implied power of sale on default." L. King *Collier on Bankruptcy,* ¶ 541.08[9] (15th ed. 1990).

under Section 542(a). For example, if property is pledged to the secured creditor so that the creditor has possession prior to any default 542(a) may not require a turnover. See 4 L. King, Collier on Bankruptcy ¶ 541.08[9], p. 541–53 (15th ed. 1982). *Whiting Pools*, 103 S.Ct. at 3214 n. 14.

As shown, the Supreme Court in *Whiting Pools* relied upon *Collier on Bankruptcy* for its dictum that § 542(a) may not require turnover of pledged property. However, the importance of the original source of this statement cannot be overlooked. *Collier*, citing a 1937 case under the Bankruptcy Act, stated the proposition as follows: "[S]ince the estate has no present possessory interest, turnover will not lie under section 542 and the estate is entitled to restoration of the pledged property or its proceeds *only upon payment of the debtor or performance of the engagement.*" *Collier on Bankruptcy*, ¶ 541.08[9] (citing *In re Rogers*, 20 F.Supp. 120 (N.D.W.Va.1937)) (emphasis added).

The rule stated in *Collier*, based upon a pre-code concept of property of the estate, contrasts sharply with the bankruptcy code's treatment of other claims secured by property in the possession of a secured creditor. Section 541(a)(1) of the bankruptcy code now provides that property of the estate includes, with certain exceptions not relevant here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1990). The legislative history of the bankruptcy code clarifies that § 541(a)(1) includes "property recovered by the trustee under section 542 of proposed title 11, if the property recovered was *merely out of the possession of the debtor, yet remained 'property of the debtor.'*" S.Rep. No. 989, 95th Cong., 2nd Sess. 82 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5868 (emphasis added).

Consequently, this court is skeptical of how far to apply the Supreme Court's broad dictum in *Whiting Pools*. As the holding in that case indicates, a secured creditor who has obtained possession of the debtor's property prior to bankruptcy as part of the creditor's procedural remedy on default is still subject to the trustee's power to compel turnover. In our case, the defendant is in possession of the stock because that is the only way to perfect such a security interest. Va.Code 8.9–304(1) (1984 repl. vol. & 1990 supp.). Although her possession is not pursuant to a procedural remedy on default, there is nothing to suggest that the defendant's interest in the stock is anything but a mere security interest.

To deny the trustee the authority to compel turnover of the stock would exalt form over substance. It also hinders the trustee's ability to maximize the value of the estate. This court therefore finds that the stock pledged to the defendant is property of the estate and is subject to the trustee's turnover power under § 542(a). *See In re Taco Ed's, Inc.*, 63 B.R. at 929.

## INCONSEQUENTIAL VALUE

■ Before the court can order turnover of the stock, it must be determined that the stock is not of inconsequential value or benefit to the estate. The defendant's answer to the original complaint admitted that the Orange Markets stock was not of inconsequential value. Thus, these shares are subject to turnover. The defendant's answer also asserted, however, that the Chesterfield shares were worthless. The trustee attached to his motion for summary judgment his affidavit, which included the assertion: "I do not believe the shares of Chesterfield Lumber Company are of inconsequential value to the estate." The trustee cited his review of a balance sheet of the corporation showing a "substantial net worth when accumulated depreciation is deleted," as well as the debtor's schedules, which listed the shares as worth $10,-000.00. The referenced balance sheet and schedules were not included with the affidavit.

The defendant omitted any reference to the value of the Chesterfield shares in her response to the motion for summary judgment. Nevertheless, the plaintiff's affidavit is not sufficient to preclude issue with respect to whether the Chesterfield shares have an inconsequential value. This issue will be left for trial.

## ADEQUATE PROTECTION

As discussed above, a secured creditor turning over possession of collateral may request adequate protection under § 363(e). In this case, the trustee has offered adequate protection in the form of a replacement lien on the proceeds of any sale of the stock. Section 361(2) of the bankruptcy code permits adequate protection to be provided by a replacement lien to the extent of the decrease in the creditor's interest in the property. 11 U.S.C. § 361(2). This court is satisfied that a replacement lien in the proceeds of any sale of the stock will adequately protect the defendant's interest in the stock turned over to the trustee.

### *Conclusion*

As a result of the foregoing analysis, this court will partially grant the trustee's motion for summary judgment and will order the defendant to turn over the Orange Markets stock to the trustee, subject to a replacement lien in the proceeds of the stock upon any sale or other disposition. Summary judgment with respect to the Chesterfield stock is denied. A separate order will be entered.